■ GAIL G. VANIER, Respondent-Appellant, v TERRENCE F. VANIER, Appellant-Respondent.—Per Curiam. Cross appeals from an order of the Supreme Court at Special Term (White, J.), entered April 15, 1985 in Schenectady County, which granted plaintiff summary judgment on her first cause of action, granted defendant summary judgment dismissing plaintiff's second cause of action and severed defendant's counterclaim.

In December 1983, plaintiff was granted a judgment of divorce against defendant on the ground of cruel and inhuman treatment. The judgment of divorce incorporated the terms of a separation agreement and an in-court stipulation entered into by the parties. The parties agreed, *inter alia,* to divide equally their savings and checking accounts, with each party receiving $6,732.50. Defendant was to receive possession of certain silver coins valued at $6,920. Defendant also agreed to be responsible for the reasonable and necessary medical expenses of his children.

In June 1984, plaintiff commenced this action alleging, for a first cause of action, that defendant had failed to pay her $1,730 of the money due from the savings and checking accounts, and, for a second cause of action, that defendant had refused to pay $2,055 necessary for his son's orthodontic expenses. Defendant answered, asserting a general denial, and, in a counterclaim, alleging that plaintiff had failed to

deliver certain of the silver coins. Plaintiff moved for summary judgment. Special Term granted plaintiff's motion for summary judgment on her first cause of action. However, summary judgment was awarded to defendant on plaintiff's second cause of action and the counterclaim was severed. These cross appeals ensued.

Initially, we note that defendant's general denial was not sufficient, by itself, to prove the existence of a triable issue of fact (see, e.g., New York Higher Educ. Servs. Corp. v Ortiz, 104 AD2d 684, 685). Additionally, we find meritless defendant's contention that his counterclaim precluded summary judgment on plaintiff's first cause of action. The mere assertion of a counterclaim does not bar summary judgment on the main claim (see, e.g., Northway Eng. v Highland Retirement Center, 101 AD2d 641, lv denied 63 NY2d 601). Summary judgment may be granted even where the amount of the counterclaim exceeds the main claim (see, Quaker-Empire Constr. Co. v Collins Constr. Co., 69 AD2d 943, 944). If the counterclaim and main claim are inextricably interwoven, partial summary judgment is inappropriate (see, Created Gemstones v Union Carbide Corp., 47 NY2d 250, 254). Here, plaintiff's main claim asserts that defendant reneged on his contractual obligation to deliver the full amount of cash due her under the separation agreement. Defendant's counterclaim involves silver coins which plaintiff allegedly failed to deliver under the terms of the same agreement. Although the counterclaim is related to the main claim, the two are not so inextricably interwoven as to make severance improper. Furthermore, defendant has not established merit to the assertion in his counterclaim that plaintiff has possession of the silver coins, which were allegedly buried in the backyard of the marital residence.

We reject, however, plaintiff's contention that the separation agreement and stipulation support her claim that defendant agreed to pay for their son's orthodontic expenses. Defendant agreed to "be responsible for the reasonable and necessary *medical expenses* of his children" (emphasis supplied). The term medical expenses can neither be fairly construed to include orthodontic expenses (cf. Matter of Kelleman v Kelleman, 101 AD2d 668; Tomashek v Tomashek, 78 AD2d 936) nor is it sufficiently ambiguous so as to allow for the introduction of parol evidence (see, Slatt v Slatt, 102 AD2d 475, 476-477, affd 64 NY2d 966). Although plaintiff has submitted affidavits from two persons who witnessed the negotiations and attested that defendant agreed to pay for his son's orthodontic expenses, parol evidence cannot be considered in order to create an

ambiguity where none exists on the face of the document *(see, Intercontinental Planning v Daystrom, Inc.,* 24 NY2d 372, 379).

We feel compelled to note that we have addressed only the issues raised at Special Term and in this court. Our decision should not be construed as a determination that plaintiff has no remedy.

Order affirmed, without costs. Main, Mikoll and Harvey, JJ., concur.

Mahoney, P. J., and Yesawich, Jr., J., dissent in part and concur in part in a memorandum by Yesawich, Jr., J. Yesawich, Jr., J. (dissenting in part and concurring in part). We are of the view that summary dismissal of plaintiff's second cause of action was improvident and ought to be reversed.

The parties agreed that the separation agreement, which had been entered into on the day of trial and then only after virtually an entire day of negotiations, required clarification. By an in-court oral stipulation, they then set about making clear what had been intended by certain provisions of the separation agreement, including the clause declaring that "[t]he Husband must be consulted by the Wife and his approval must be obtained for any medical treatment [not covered by insurance to be maintained by the husband] which is non-emergency in nature, and which will have a cost in excess of Fifty ($50.00) Dollars". Defendant stipulated to pay for the nonemergency medical expenses of his children not insured against, and not approved by him, if plaintiff produced correspondence from an "accredited physician" stating that good medical practice deemed the treatment or procedure necessary. The record contains letters from two dentists advising that correction of a severe orthodontic problem endured by one of the children was medically necessary.

What constitutes nonemergency medical treatment or medical expenses is not defined in the separation agreement, nor is the meaning of these terms any more apparent from a reading of the clarifying stipulation which, notably, had been entered into contemporaneously with the execution of the separation agreement. Since the clause at issue treats of defendant's responsibility with respect to "any" medical treatment or expenses of a nonemergency character, we are unable without more to say, as a matter of law, that defendant clearly, completely and unambiguously did not promise to underwrite an orthodontic bill *(cf. Intercontinental Planning v Daystrom, Inc.,* 24 NY2d 372, 379). Plaintiff's parol evidence, as re-

counted in the affidavits of two nonparties who were allegedly present when the separation agreement and stipulation were negotiated, and attesting to the fact that the parties specifically intended defendant's obligation to extend to his son's orthodontic need, is therefore admissible *(see, Leghorn v Ross,* 42 NY2d 1043) and raises a triable issue of fact as to the scope of defendant's liability.