■ PROTECTION INDUSTRIES CORPORATION, Respondent, v MURRAY KASKEL et al., Appellants, et al., Defendants. [691 NYS2d 457] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered October 9, 1997, which, *inter alia*, granted plaintiff summary judgment upon its causes of action based on mechanic's liens in total amount of $136,225, plus interest, and granted plaintiff partial summary judgment on liability on its claim for attorneys' fees, directing a hearing before a Referee on the amount of reasonable attorneys' fees, unanimously modified, on the law, to deny the motion as against the corporate defendant, and otherwise affirmed, with costs against individual defendant Murray Kaskel, payable to plaintiff.

The grant of summary judgment against the corporate defendant was in error since there is no indication that the corporate defendant was intended to be bound by the agreements imposing the obligations sued upon. Those agreements were unambiguously between plaintiff and the individual defendant and were sufficiently definite as to all essential terms; months of invoices to which defendant Kaskel never objected form an adequate basis from which to infer the price term (*see*,

*Non-Linear Trading Co. v Braddis Assocs.*, 243 AD2d 107, 114; *Trafalgar Sq. v Reeves Bros.*, 35 AD2d 194, 196). Even if it were appropriate to reach defendant's assertion of usury for the first time on appeal, we would find it to be without merit, since, for purposes of General Obligations Law § 5-501 (2), the imposition of a late payment charge is not a forbearance (*see, Waterbury v City of Oswego*, 251 AD2d 1060). We reject defendant's construction of the attorney fee clause since the clause so construed would function to deprive plaintiff of attorneys' fees in precisely those situations in which an award of such fees would be necessary to preserve a recovery by plaintiff from substantial diminution. Plainly, this was not what was intended when the attorney fee clause was placed in the agreement, presumably for plaintiff's protection (*see, Metropolitan Life Ins. Co. v Noble Lowndes Intl.*, 84 NY2d 430, 438). We have considered defendant's remaining arguments and find them to be unavailing. Concur—Williams, J. P., Wallach, Andrias and Friedman, JJ.