■ CITY OF AMSTERDAM INDUSTRIAL DEVELOPMENT AGENCY, Respondent, v SAFARI ENTERPRISES, INC., Appellant, et al., Defendants. [719 NYS2d 368] —Peters, J. Appeal from an order of the Supreme Court (Best, J.), entered October 20, 1999 in Montgomery County, which, *inter alia*, granted plaintiff's motion for summary judgment.

In September 1993, plaintiff sold a 1½-acre lot to defendant Safari Enterprises, Inc. (hereinafter defendant), for $4,500 conditioned upon its construction of a manufacturing facility of at least 5,000 square feet. As security, they entered into a sale and leaseback agreement in December 1993 (hereinafter the lease agreement) wherein plaintiff agreed to disburse $85,001 in exchange for the conveyance of title to both the building and parcel. Under the terms of the lease agreement, there were specified monthly rental payments along with other amounts designated as "[a]dditional [r]ent."[1] Nonpayment of either the rent or additional rent within 30 days after the first notice would constitute a default or breach by the terms thereunder. At that point, plaintiff had the right to cancel or terminate the lease after giving an additional 30 days' notice of its intent to do so. All such notices were required to be sent by registered or certified mail, and no changes were to be made to the agreement "except by a written instrument subsequently executed by the parties hereto."[2]

In 1996, defendant sought to use the parcel to secure additional funding. Morton Berger, defendant's president, averred that numerous lenders ultimately refused to finance a loan once plaintiff declined to have the leased premises conveyed back to defendant so that a mortgage could be filed in lieu of the lease agreement. With no alternative, defendant borrowed $85,000 at 12% interest from its parent company and $35,000 from Lillian Berger, the wife of defendant's president.

By letter dated September 11, 1997, defendant was notified that it was delinquent in its payment of rents pursuant to the lease agreement and that if arrearages were not paid within

1. These amounts would consist of, *inter alia*, "[a]ll taxes, charges, costs, sewer and water rents, garbage collection fees and expenses."

2. Such lease was, in fact, amended by agreement dated June 2, 1994, the substance of which is not here relevant.

30 days, plaintiff would seek to have the premises vacated. By letter dated November 12, 1997, plaintiff acknowledged receipt of defendant's check yet further noted that agreed-upon taxes and utilities in the amount of $5,911.76, plus interest and penalties, were still outstanding. Accordingly, it warned that "this amount must be paid immediately so that you will not be in default of your Lease/Purchase Agreement." Annexed to such letter was a summary of outstanding taxes and utility bills from 1994 through 1998.

Commencing in November 1997, defendant refused to pay rent, prompting this action in October 1998. After issue was joined and plaintiff moved for summary judgment, defendant contended by cross motion that the lease agreement was instead an equitable mortgage and that with respect to the foreclosure, plaintiff failed to follow the mandated notice provisions. Supreme Court granted plaintiff's motion based upon the undisputed fact that the rent has not been paid and subsequently issued a judgment of foreclosure and sale. This appeal ensued.

While "[t]he proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853), it is well settled that the proffer made in response thereto must be viewed in a most favorable light (*see, Bush v Lamb-Grays Harbor Co.*, 246 AD2d 768, 771), requiring a denial of the motion should a viable issue of fact be raised (*see, Zuckerman v City of New York*, 49 NY2d 557).

Although plaintiff alleged a breach, notice and continued lack of payment, we find that defendant's proffer of purported letters of notice precludes the judgment rendered. Clearly, the letter of September 11, 1997 notified defendant of its nonpayment of rent "and other payments as defined" in the subject lease, allowing the requisite 30 days to cure. In such notice, however, no delinquent amount of rent was specified and both parties agree that defendant did not begin to withhold rent until November 1997. Nor were any other outstanding amounts specified in such notice which could have alerted defendant that its nonpayment constituted arrearages of the "additional rents" it was required to pay by the terms of the agreement.

The subsequent letter, dated November 12, 1997, proved no better. Therein, defendant was notified that there were arrearages on the "agreed taxes and utilities in the amount of $5,911.76, plus interest and penalties," with a request that they be paid immediately so that a default of the lease agree-

ment would not occur. Notably, this letter neither advised defendant that it had 30 days in which to cure the default nor of plaintiff's intention to terminate the lease should the arrears remain.

Viewing this proffer, as we must, in its most favorable light (*see, Bush v Lamb-Grays Harbor Co., supra*), we find that defendant has properly raised a triable issue of fact as to whether plaintiff complied with the notification provisions of the lease agreement. As this showing precludes an award of summary judgment (*see, Hierro v Bliss Co.*, 145 AD2d 731, 732) at this time, we need not address the effect of plaintiff's concession that the lease constitutes an equitable mortgage since a transfer of title prior to a determination on the foreclosure action would be premature.

Turning to defendant's further claim for damages due to its inability to obtain favorable financing once plaintiff refused to reform the lease agreement, we note that plaintiff was not obligated to agree to such reformation by the clear terms of the lease. Accordingly, defendant cannot claim an entitlement to judgment as a matter of law on that issue (*see, Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 852, *supra*).

Our determination obviates the need to address further contentions of error.

Cardona, P. J., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiff's motion for summary judgment; said motion denied; and, as so modified, affirmed.