■ JOVEE CONTRACTING CORP., Respondent, v AIA ENVIRONMENTAL CORP., Appellant. [724 NYS2d 455] —In an action, *inter alia*, to recover damages for breach of contract and to recover on accounts stated, the defendant appeals (1), as limited by its

brief, from so much of an order of the Supreme Court, Nassau County (McCaffrey, J.), dated December 9, 1999, as granted the plaintiff's motion for summary judgment on the causes of action to recover on the accounts stated, (2) from an order of the same court, entered February 9, 2000, which, *sua sponte*, amended the order dated December 9, 1999, to correct a typographical error therein, (3) from a judgment of the same court, dated March 22, 2000, which, upon the order dated December 9, 1999, is in favor of the plaintiff and against it in the principal sum of $82,239.82, and (4) from so much of an order of the same court, dated May 4, 2000, as, upon granting that branch of the defendant's motion which was for reargument, adhered to the original determination dated December 9, 1999, as amended on February 9, 2000, and denied, as academic, that branch of the defendant's motion which was to stay entry of the judgment.

Ordered that the appeals from the orders dated December 9, 1999, and entered February 9, 2000, are dismissed; and it is further,

Ordered that the appeal from the judgment is dismissed, as the judgment was superseded by the order dated May 4, 2000; and it is further,

Ordered that the order dated May 4, 2000, is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeals from the intermediate orders must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The appeal from the order entered February 9, 2000, is also dismissed because no appeal lies of right from an order entered *sua sponte* (*see,* CPLR 5701 [c]). The issues raised on appeal from the intermediate orders are brought up for review and have been considered on the appeal from the order dated May 4, 2000 (*see,* CPLR 5501 [a] [1]).

In July 1997 the defendant hired the plaintiff subcontractor to perform demolition work at a site in Melville for $410,000. The defendant paid the plaintiff $270,000 and, on or about November 11, 1997, the plaintiff issued an invoice for the $140,000 balance. Thereafter, the defendant made an additional $60,000 payment upon that invoice, leaving an unpaid balance of $80,000. Additional services were provided by the plaintiff at four other sites. At those sites, the plaintiff provided the defendant with "roll-off" containers and debris removal services. Although the defendant signed delivery tickets in connection with the plaintiff's services, and the plaintiff sent state-

ments of account for this work, $22,339.83 was unpaid. As a result, in August 1998, the plaintiff commenced this action to recover damages for breach of contract and on accounts stated. The defendant asserted several counterclaims to recover damages for breach of contract and alleged that the plaintiff tortiously interfered with its general contract in connection with the Melville project. The Supreme Court granted the plaintiff's motion for summary judgment on its account stated causes of action and severed the defendant's counterclaims. Upon granting the defendant's motion for reargument, the Supreme Court adhered to its original determination, and denied, as academic, that branch of the defendant's motion which was to stay entry of judgment in the plaintiff's favor, because judgment had already been entered.

Contrary to the defendant's contention, the Supreme Court properly granted the plaintiff's motion for summary judgment. The plaintiff met its initial burden of demonstrating its entitlement to judgment as a matter of law on its causes of action to recover on accounts stated by establishing, with evidence in admissible form, the receipt and retention of bills by the defendant without objection within a reasonable period of time (*see, Sullivan v REJ Corp.,* 255 AD2d 308; *Rona-Tech Corp. v LeaRonal, Inc.,* 254 AD2d 473; *Moses & Singer v S & S Mach. Corp.,* 251 AD2d 271), and the partial payment of some of those bills (*see, Hoyniak v Acton,* 271 AD2d 892). In opposition, the defendant failed to meet its burden of demonstrating the existence of a triable issue of fact (*see, Zuckerman v City of New York,* 49 NY2d 557). It failed to set forth evidentiary details such as when, where, or by whom its alleged objections to the amounts due as to all four contracts were made, or that it ever complained to the plaintiff about the quality of the work performed (*see, Wit's End Giftique v Ianniello,* 277 AD2d 684; *Hoyniak v Acton, supra; Biegen v Paul K. Rooney, P. C.,* 269 AD2d 264; *Half Intl. v Re-Track USA,* 261 AD2d 376, 377). The defendant's contention that summary judgment was precluded by the assertion of its counterclaims is without merit, as the counterclaims are not "inextricably interwoven" with the plaintiff's accounts stated causes of action (*Vanier v Vanier,* 119 AD2d 903, 904).

The defendant's contention that the Supreme Court erred by dismissing, as academic, that branch of its motion which was to stay entry of judgment in the plaintiff's favor until the counterclaims are resolved is also without merit because judgment in the plaintiff's favor had already been entered (*see, C.T. Chems. v Vinmar Impex,* 189 AD2d 727). In any event, a stay

is unwarranted (*see, Rona-Tech Corp. v LeaRonal, Inc., supra*, at 474). Santucci, J. P., Luciano, Feuerstein and Adams, JJ., concur.