■ CONVENIENT MEDICAL CARE, P.C., Respondent, v MEDICAL BUSINESS ASSOCIATES, INC., Appellant. [737 NYS2d 403] —Peters, J. Appeal from an order of the Supreme Court (Moynihan, Jr., J.), entered March 9, 2001 in Warren County, which denied defendant's motion for summary judgment on its counterclaims.

Plaintiff, a professional medical corporation, and defendant, a provider of medical billing services, entered into a billing services contract in early 1997. By the terms of their agreement, defendant was to oversee plaintiff's billing operations for one year commencing April 1, 1997. In consideration, defendant would receive a monthly processing fee equivalent to 6.4% of all gross charges billed to plaintiff's patients during this time. Plaintiff contends that representations by Jeanne Rizzo, defendant's employee, regarding increased revenues induced it to enter into the contract.

In accordance with the terms of the contract, defendant provided monthly invoices to plaintiff which required payment upon receipt. It is undisputed that prior to the termination of the contract, plaintiff had not voiced an objection to the invoices it received. Through its president and sole stockholder, Donald Merrihew, plaintiff contends that by the fall of 1997, defendant was instructed to cease its billing services for all of plaintiff's worker's compensation patients due to defendant's inability to timely bill these accounts. By February 20, 1998, defendant was further notified, in accordance with the contract's terms, that plaintiff was terminating their agreement effective April 1, 1998. Following termination, plaintiff demanded the return of its billing records in accordance with the terms of the contract. Although some of the records were returned after considerable delay, plaintiff contends that defendant retained critical original records which wholly compromised its ability to collect on its own claims. Defendant counters that there was an outstanding balance which plaintiff refused to pay.

In June 1998, plaintiff commenced this action alleging breach of contract and negligence. Defendant served its verified

answer with counterclaims sounding in breach of contract and for an account stated. In December 2000, defendant moved for summary judgment on its counterlcaims which was denied by Supreme Court upon its finding that the counterclaims and the main claim were inexorably linked by the underlying contract. Defendant now appeals.

As the proponent of the motion for summary judgment, we find that defendant has made a prima facie showing of entitlement to partial summary judgment as a matter of law through its tender of the written contract and its uncontroverted assertion that plaintiff failed to pay amounts due thereunder (*see, Zuckerman v City of New York*, 49 NY2d 557, 562; *City of Amsterdam Indus. Dev. Agency v Safari Enter.*, 279 AD2d 865, 866). With the burden to plaintiff to "produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact" (*Zuckerman v City of New York, supra* at 562), we find plaintiff's proffer lacking.

Even viewing plaintiff's proffer in its most favorable light (*see, City of Amsterdam Indus. Dev. Agency v Safari Enter., supra* at 867), the allegation that defendant failed to bill patients in a timely manner cannot be established by Merrihew's own affidavit, buttressed solely by a telephone message slip indicating that he made a phone call to Rizzo to talk about "getting things out faster"; "[b]ald conclusory assertions, even if believable, are not enough to defeat summary judgment" (*Denton Publs. v Lilledahl*, 112 AD2d 658, 658-659).

As to plaintiff's further contention that it refused payment because defendant breached the agreement by failing to timely return its billing records, the use of such allegations as a defense must fail since this conduct occurred after the termination of the contract, by which time plaintiff was already in arrears. Finally, addressing the contention that defendant failed to produce the revenues orally estimated by Rizzo which allegedly induced it to enter the contract, we note that both the contract's clear and unambiguous terms (*see, W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162) and its merger clause (*see, Matter of Primex Intl. Corp. v Wal-Mart Stores*, 89 NY2d 594, 599-600) preclude the introduction of extrinsic evidence to flesh out these allegations. Accordingly, we find that plaintiff failed to sustain its burden of raising a triable issue of fact sufficient to defeat defendant's motion for summary judgment.

While the amount of the counterclaim exceeds that demanded by plaintiff, we do not find this to be a bar to recovery (*see, Vanier v Vanier*, 119 AD2d 903, 904; *Northway Eng'g v Highland Retirement Ctr.*, 101 AD2d 641, 642, *lv denied* 63

NY2d 601; *Quaker-Empire Constr. Co. v Collins Constr. Co.*, 69 AD2d 943, 944). Nor do we find these claims to be "inextricably interwoven" (*Vanier v Vanier, supra* at 904) such that defendant's entitlement to recovery depends upon the "resolution of factual issues in plaintiff['s] action" (*Green v Lake Placid 1980 Olympic Games*, 147 AD2d 860, 863).

Although defendant sustained its burden in establishing that it was entitled to partial summary judgment as a matter of law on the breach of contract counterclaim, we cannot conclude, based upon the record presented, that judgment should be rendered for an account stated due to the differing amounts claimed due in the record (*see*, *Wit's End Giftique v Ianniello*, 277 AD2d 684, 686).

Cardona, P.J., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant's motion for summary judgment on its counterclaim for breach of contract; motion granted to that extent and summary judgment awarded to defendant on said counterclaim on the issue of liability; and, as so modified, affirmed.