■ KATHLEEN HUSSEY, Appellant, v JOSEPH N. LEGGIO AGENCY, INC., Respondent. [750 NYS2d 345] —Spain, J. Appeal from an order of the Supreme Court (Connor, J.), entered October 15, 2001 in Greene County, which denied plaintiff's motion for summary judgment.

Plaintiff was employed as an insurance broker by defendant between 1991 and 2001. According to plaintiff, she was authorized to negotiate contracts of insurance on defendant's behalf and the parties had an agreement whereby plaintiff was entitled to 100% of the commissions earned on contracts of insurance she procured. Following her termination from the business in 2001, plaintiff commenced this action for breach of contract and an account stated, seeking to recover $29,473.85 in earned, unpaid commissions. Defendant's answer included a general denial, based on lack of sufficient knowledge, of those allegations concerning the amount of commissions due and owing to plaintiff and a counterclaim to recover $25,000 for

plaintiff's alleged failure to return insurance files when she left the business. Plaintiff unsuccessfully moved for summary judgment, and now appeals.

We reverse. In her complaint and motion papers, plaintiff explains the terms of the agreement that she had with defendant and provides monthly statements she submitted to defendant, which detail the amount she earned in commissions and the balance unpaid by defendant. These facts establish a prima facie case of breach of contract (*see Convenient Med. Care v Medical Bus. Assoc.*, 291 AD2d 617, 618). Plaintiff also averred that defendant accepted these statements without qualification and she submitted proof of partial payments made by defendant on the moneys owed her, establishing the elements of her cause of action for an account stated (*see Jim-Mar Corp. v Aquatic Constr.*, 195 AD2d 868, 869-870, *lv denied* 82 NY2d 660). In response to the motion for summary judgment, defendant objected solely on the ground that some of plaintiff's claims originated more than six years prior to the commencement of this action and, thus, are barred by the statute of limitations.

Initially, we find no merit to defendant's statute of limitations defense. This action was commenced in April 2001. Although the complaint describes commissions earned as far back as January 1995 in alleging that plaintiff earned $9,038.22 over the course of that year, plaintiff also states that defendant made a partial payment of $3,929.58 toward the 1995 commissions. That payment is sufficient to cover the commissions that plaintiff earned from January through April 1995. Thus, all of plaintiff's claims for unpaid commissions arose after April 1995 and were commenced within the six-year limitation period (*see* CPLR 213 [2]). Moreover, as defendant failed to dispute in its answer the existence of an agreement to pay plaintiff the stated commissions, or to raise any material question of fact in its papers in opposition to the motion for summary judgment concerning the amount due, we conclude that defendant has failed to raise any material question of fact with respect to plaintiff's entitlement to judgment as a matter of law both under a breach of contract theory (*see Convenient Med. Care v Medical Bus. Assoc.*, *supra* at 617-618) and her cause of action for an account stated (*see Wit's End Giftique v Ianniello*, 277 AD2d 684, 686; *Citibank [S.D.] v Jones*, 272 AD2d 815, 816, *lv denied* 95 NY2d 764).

Defendant's counterclaim does not undermine plaintiff's claims for unpaid commissions because it arises out of conduct which occurred after the commissions were earned and due

(see *Convenient Med. Care v Medical Bus. Assoc.*, *supra* at 619). Nor is the counterclaim—which, as plaintiff admits, involves material factual disputes—"inextricably interwoven" with plaintiff's claims so as to preclude summary judgment on plaintiff's claims (*id.*, citing *Vanier v Vanier*, 119 AD2d 903, 904; *cf. Created Gemstones v Union Carbide Corp.*, 47 NY2d 250, 254; *Green v Lake Placid 1980 Olympic Games*, 147 AD2d 860, 862-863). Furthermore, while recognizing the wide discretion that Supreme Court has in determining whether summary judgment should be granted while claims remain outstanding between the parties "to avoid possible prejudice to the party against whom that judgment is granted[,] * * * [s]uch discretion, however, is not unlimited" (*Robert Stigwood Org. v Devon Co.*, 44 NY2d 922, 923 [citations omitted]). Defendant has failed to allege, much less demonstrate on the record, that it would suffer any prejudice if plaintiff is allowed to enforce its summary judgment prior to the resolution of the counterclaim. Under these circumstances, we conclude that plaintiff's motion should have been granted (*see id.* at 923-924).

Cardona, P.J., Mercure, Carpinello and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion granted.