■ GEORGE S. MAY INTERNATIONAL COMPANY, Respondent, v THIRSTY MOOSE, INC., Appellant. [796 NYS2d 196]—

Kane, J. Appeal from an order of the Supreme Court (Dawson, J.), entered April 21, 2004 in Essex County, which, inter alia, partially granted plaintiff's cross motion for summary judgment.

Plaintiff, a management consulting services firm, commenced this action for breach of contract, account stated and unjust

enrichment to recover moneys allegedly owed by defendant for services that plaintiff rendered to it. Defendant subsequently moved for an order compelling certain discovery and plaintiff cross-moved for summary judgment on the complaint. At issue on appeal is an order of Supreme Court which, as is relevant here, granted plaintiff's cross motion for summary judgment on its breach of contract and account stated causes of action.

We affirm. In support of its cross motion, plaintiff produced the parties' signed written contract along with various invoices which reflect that defendant failed to pay for services that plaintiff provided. This evidence was sufficient to establish a prima facie case for breach of contract (*see Hussey v Leggio Agency*, 299 AD2d 690, 691 [2002]; *Convenient Med. Care v Medical Bus. Assoc.*, 291 AD2d 617, 618 [2002]). Plaintiff also established a prima facie case for an account stated in that the invoices it produced were signed and accepted by defendant's president without objection and there is proof that defendant remitted a partial payment to plaintiff (*see Hussey v Leggio Agency, supra* at 691; *Sandvoss v Dunkelberger*, 112 AD2d 278, 279 [1985]). Defendant's general denials and conclusory allegations in opposition to plaintiff's cross motion failed to establish the existence of a triable issue of fact with respect to either of plaintiff's claims (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Jovee Contr. Corp. v AIA Envtl. Corp.*, 283 AD2d 398, 400 [2001]). Defendant's argument regarding the need for further disclosure (*see* CPLR 3212 [f]) is unpersuasive, as such disclosure would not contradict plaintiff's proof and is only relevant to defendant's counterclaim, which was severed and is still progressing. Under these circumstances, we conclude that plaintiff's cross motion for summary judgment with respect to its breach of contract and account stated causes of action was properly granted.

Cardona, P.J., Mercure, Carpinello and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.