■ EDUCATION PLUS, INC., Doing Business as THE FAMILY FOUNDATION, Respondent, v GRISEL GLASSER, Also Known as GRISEL BALTAZAR, Appellant, et al., Defendant. [976 NYS2d 706]—

Rose, J.P. Appeal from a judgment of the Supreme Court (Lambert, J.), entered February 27, 2013 in Delaware County, which partially granted plaintiff's motion for summary judgment.

After commencing this action to recover an amount owed by defendants in connection with their child's attendance at plaintiff's school, plaintiff moved for summary judgment against defendant Grisel Glasser (hereinafter defendant). Supreme Court granted plaintiff's motion on its breach of contract cause of action, and defendant appeals. We now affirm.

Contrary to defendant's argument, plaintiff established its entitlement to summary judgment by producing the contract entered into by the parties, an account activity report reflecting the various charges incurred and payments made by defend-

ants, and an affidavit from plaintiff's billing manager explaining the computation of the amount due for services rendered and the applicable finance charges (*see George S. May Intl. Co. v Thirsty Moose, Inc.*, 19 AD3d 721, 722 [2005]; *Hussey v Leggio Agency*, 299 AD2d 690, 691 [2002]). The billing manager's affidavit adequately explained that her knowledge was based upon the books and records that were made and maintained in the ordinary course of plaintiff's business together with her own personal knowledge of defendants' account (*see* CPLR 3212 [b]; 4518 [a]; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324-325 [1986]). Nor does defendant deny that she entered into the contract and failed to pay the amounts incurred. Instead, she contends that plaintiff did not give her full credit for a deposit of $8,910. However, the billing statements submitted by plaintiff reflect that defendants received credit for their deposit minus the nonrefundable enrollment fee of $4,610, which, pursuant to the contract, is nonrefundable if the student does not complete the program. Defendant does not dispute that her child left the program early without completing it. Defendant's remaining contention, that plaintiff falsely identified itself as a not-for-profit corporation, was explained by plaintiff as an inadvertent misstatement on its part. In any event, defendant has not shown how any such misstatement would affect the validity of the contract entered into between plaintiff and defendants. As defendant failed to come forward with proof in admissible form raising a triable issue of fact, Supreme Court properly granted the motion for summary judgment on the breach of contract cause of action (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Convenient Med. Care v Medical Bus. Assoc.*, 291 AD2d 617, 618 [2002]).

Stein, Spain and Garry, JJ., concur. Ordered that the judgment is affirmed, with costs.