*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 2, 2015                    519208
_____

SETON HEALTH AT SCHUYLER RIDGE
    RESIDENTIAL HEALTH CARE,
                      Respondent,

            v                                    MEMORANDUM AND ORDER

JEANNE DZIUBA,
                      Appellant.
_____


Calendar Date:  February 18, 2015

Before:  Peters, P.J., Lahtinen, Garry and Lynch, JJ.


_____


        Theresa M. Suozzi, Saratoga Springs, for appellant.

        Iseman, Cunningham, Riester & Hyde, LLP, Albany (Marc A.
Antonucci of counsel), for respondent.


_____


Peters, P.J.

        Appeal from an order of the Supreme Court (Nolan Jr., J.),
entered April 11, 2014 in Saratoga County, which partially
granted plaintiff's motion for summary judgment.

        Defendant, a quadriplegic, resided at a licensed nursing
home facility operated by plaintiff in the Town of Clifton Park,
Saratoga County from January 8, 2010 through November 23, 2011.
Alleging that defendant refused to pay for the care, treatment
and housing it provided to her from January 8, 2010 through
December 31, 2010, plaintiff commenced this action for breach of
contract, account stated and quantum meruit, seeking to recover
$112,592.90 in unpaid invoices.  After issue was joined,
plaintiff moved for summary judgment.  Supreme Court granted
plaintiff's motion with respect to that part of its breach of

contract claim that sought recovery for the cost of defendant's room and board at the facility during the relevant time period, and awarded plaintiff judgment in the amount of $110,087.90, plus counsel fees. The court denied plaintiff's motion to the extent that it sought to recover payment for therapy it allegedly provided to defendant. Defendant appeals.

Plaintiff, as the proponent of the motion, bore the initial burden of establishing entitlement to judgment as a matter of law on its breach of contract claim (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Robison v Sweeney, 301 AD2d 815, 817 [2003]). In support of its motion, plaintiff offered, among other things, an October 2009 durable general power of attorney appointing defendant's mother, Patricia Dziuba, as her attorney-in-fact as well as a January 8, 2010 admission agreement signed by Dziuba. Pursuant to the agreement, defendant agreed to pay for, or arrange for the timely payment of, the "daily basic rate" for a semi-private room and to be responsible for this payment during the pendency of any Medicaid application or in the event that any such application was denied. Plaintiff also submitted a statement of charges, various invoices and the affidavits of its executive director and resident accounts manager confirming that defendant resided in a semi-private room at the facility from January 8, 2010 through December 31, 2010, during which time she was not covered by Medicaid.[1] These submissions further established that the facility's daily rate for a semi-private room was $305 from January 8, 2010 through June 30, 2010, and $320 from July 1, 2010 through December 31, 2010, resulting in a total amount of $103,865 due and owing for defendant's stay at the facility for the relevant period.

This evidence was sufficient to establish a prima facie case for breach of contract with regard to the amount due and owing for plaintiff's room and board at the facility (see Education Plus, Inc. v Glasser, 112 AD3d 1125, 1125-1126 [2013]; George S. May Intl. Co. v Thirsty Moose, Inc., 19 AD3d 721, 722 [2005]; Convenient Med. Care v Medical Bus. Assoc., 291 AD2d 617,

---

[1]  Defendant's initial application for Medicaid was denied, and she was not covered by Medicaid until January 1, 2011.

618 [2002]).  Contrary to defendant's contention, the failure of the agreement to specify the "daily basic rate" for a semi-private room does not render the agreement so indefinite as to be unenforceable.  "[A] price term is not necessarily indefinite because the agreement fails to specify a dollar figure, or leaves fixing the amount for the future, or contains no computational formula" (Cobble Hill Nursing Home v Henry & Warren Corp., 74 NY2d 475, 483 [1989], cert denied 498 US 816 [1990]; accord Village of Lansing v Triphammer Dev. Co., 193 AD2d 919, 920 [1993]).  Rather, where at the time of the agreement the parties have manifested their intent to be bound, a price term will be sufficiently definite if it can be defined by reference to, among other things, "an objective extrinsic event, condition or standard," or by the subsequent conduct of the parties (Joseph Martin, Jr., Delicatessen v Schumacher, 52 NY2d 105, 110 [1981]; see Matter of 166 Mamaroneck Ave. Corp. v 151 E. Post Rd. Corp., 78 NY2d 88, 91 [1991]; Cobble Hill Nursing Home v Henry & Warren Corp., 74 NY2d at 483; Capital Dist. Enters., LLC v Windsor Dev. of Albany, Inc., 53 AD3d 767, 769 [2008]).  Here, the language of the agreement is sufficiently clear to manifest the parties' intention to be bound and the price term can be objectively supplied by reference to the facility's daily rate during the relevant time, which was set forth in periodic invoices sent to defendant (see Protection Indus. Corp. v Kaskel, 262 AD2d 61, 62 [1999]; see also Provident Bay Rd., LLC v NYSARC, Inc., 117 AD3d 1356, 1359 [2014]; Capital Dist. Enters., LLC v Windsor Dev. of Albany, Inc., 53 AD3d at 769).  Accordingly, the burden shifted to defendant to demonstrate the existence of a triable issue of fact with respect to her contractual liability for her room and board at the facility during the relevant time (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]; Heritage Springs Sewer Works, Inc. v Boghosian, 61 AD3d 1038, 1040-1041 [2009]).

In opposition to the motion, defendant did not deny that she occupied a semi-private room at the facility from January 8, 2010 through December 31, 2010, that she was not covered by Medicaid during that time or that she has failed to pay for or arrange for the payment of her stay at the facility for the period in dispute.  Further, although she claims that she was unaware of the daily rate for a semi-private room at the time of her admission to the facility and that, once she received a bill,

she objected to the charges by phone, defendant does not allege that she agreed to a daily rate other than that set forth in the statement of charges and invoices or otherwise demonstrate that she entered into the agreement with a different understanding as to the price term. Defendant's contention that Dziuba was acting individually, rather than as her agent, when she signed the agreement is both unsubstantiated and belied by the agreement itself.[2] Moreover, by accepting the benefits of the agreement for nearly two years, defendant is deemed to have ratified the agreement (see Beutel v Beutel, 55 NY2d 957, 958 [1982]; Provident Bay Rd., LLC v NYSARC, Inc., 117 AD3d at 1359; Hoskins v Skojec, 265 AD2d 706, 707 [1999], lv denied 94 NY2d 758 [2000]). Accordingly, defendant's submissions failed to raise a triable issue of fact on that portion of plaintiff's breach of contract claim seeking the recovery of $103,865 for defendant's room and board at the facility.

With respect to that portion of plaintiff's breach of contract claim that sought recovery for monthly assessments mandated by the "Health Facility Cash Assessment program" (see Public Health Law § 2807-d), however, summary judgment was improperly awarded to plaintiff. Simply put, there is nothing in the agreement rendering defendant responsible for payment of this monthly assessment. As plaintiff failed to demonstrate its entitlement as a matter of law to defendant's payment of such monthly assessments, which totaled $6,222.90 during the relevant period, the motion should have been denied to that extent, regardless of the sufficiency of defendant's opposing papers (see Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012]; Cole v

_____

[2] Defendant also argues, for the first time on appeal, that Dziuba lacked authority to enter into the agreement on her behalf because she had renounced her power of attorney prior to the execution of the agreement. Not only is this claim unpreserved for our review (see Liere v State of New York, 123 AD3d 1323, 1323-1324 [2014]; Matter of LaBarbera v Town of Woodstock, 55 AD3d 1093, 1094 [2008]), but it is also belied by the 2009 power of attorney appointing Dziuba as defendant's attorney-in-fact and documentary evidence that Dziuba resigned as her attorney-in-fact in March 2010, well after the execution of the agreement.

Champlain Val. Physicians' Hosp. Med. Ctr., 116 AD3d 1283, 1285 [2014]).

Finally, we reject defendant's contention that plaintiff's summary judgment motion was premature.  Defendant had ample time and opportunity to conduct discovery during the roughly 21 months between joinder of issue and plaintiff's motion, and did not proffer an adequate excuse for her failure to do so (see Meath v Mishrick, 68 NY2d 992, 994-995 [1986]; Ullmannglass v Oneida, Ltd., 121 AD3d 1371, 1373 [2014]).  Nor has defendant made the requisite showing that discovery would yield material and relevant evidence sufficient to defeat the motion (see CPLR 3212 [f]; Hobler v Hussain, 111 AD3d 1006, 1009 [2013]; 2 N. St. Corp. v Getty Saugerties Corp., 68 AD3d 1392, 1396 [2009], lv denied 14 NY3d 706 [2010]).

Lahtinen, Garry and Lynch, JJ., concur.

ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted that part of plaintiff's motion for summary judgment on its breach of contract claim seeking recovery for certain monthly assessments; motion denied to that extent; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court