Connors v Jannuzzo (2021 NY Slip Op 03499)





Connors v Jannuzzo


2021 NY Slip Op 03499


Decided on June 3, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:June 3, 2021

530751
[*1]Patrick M. Connors, Respondent,
v
Jeffrey A. Jannuzzo, Appellant.

Calendar Date:April 20, 2021

Before:Garry, P.J., Egan Jr., Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Hinman Straub PC, Albany (James T. Potter of counsel), for appellant.
Bond, Schoeneck & King, PLLC, Syracuse (J.P. Wright of counsel), for respondent.



Aarons, J.
Appeals (1) from an order of the Supreme Court (Crowell, J.), entered December 30, 2019 in Saratoga County, which, among other things, partially granted plaintiff's cross motion for summary judgment, and (2) from the judgment entered thereon.
Defendant retained plaintiff to serve as an expert in a separate legal matter, and the parties entered into an engagement letter outlining plaintiff's fees and the terms of the retainer. After rendering services, plaintiff submitted invoices to defendant for payment. Defendant failed to pay certain invoices, prompting plaintiff to commence this action for breach of contract and an account stated. Following joinder of issue, defendant moved to compel discovery from plaintiff. Plaintiff cross-moved for summary judgment on his causes of action. Supreme Court, among other things, granted plaintiff's cross motion as to the breach of contract claim, and a judgment was subsequently entered thereon. These appeals ensued. We affirm.
"[A] cause of action for breach of contract requires that plaintiff show the existence of a contract, the performance of [his] obligations under the contract, the failure of defendant to perform [his] obligations and damages resulting from defendant's breach" (GRJH, Inc. v 3680 Props., Inc., 179 AD3d 1177, 1178 [2020]; see Hyman v Schwartz, 127 AD3d 1281, 1283 [2015]). In support of his cross motion, plaintiff tendered, among other things, the engagement letter between the parties, evidence of his performance under the engagement letter, the invoices reflecting the amount owed for services rendered and evidence of defendant's failure to pay these invoices. Based on the foregoing, Supreme Court correctly concluded that plaintiff satisfied his moving burden (see George S. May Intl. Co. v Thirsty Moose, Inc., 19 AD3d 721, 722 [2005]; Hussey v Leggio Agency, 299 AD2d 690, 691 [2002]).
In opposition thereto, defendant failed to raise a triable issue of fact.[FN1] Defendant contends that the amount of time that plaintiff expended was excessive and that plaintiff did not complete the necessary work within the agreed-upon time frame. The engagement letter, however, did not contain any time limits for plaintiff to complete his work. Defendant's related argument that plaintiff reviewed unauthorized materials is likewise without merit in the absence of any restriction in the engagement letter as to what plaintiff could review. Furthermore, defendant's conclusory assertion that plaintiff did not perform the work in a skillful and workmanlike manner fails to raise an issue of fact (see Digesare Mech., Inc. v U.W. Marx, Inc., 176 AD3d 1449, 1455 [2019]). Accordingly, Supreme Court did not err in granting summary judgment to plaintiff on his cause of action for breach of contract (see Convenient Med. Care v Medical Bus. Assoc., 291 AD2d 617, 618 [2002]). Defendant's remaining claims have been examined and are either raised for the first time on appeal or without merit.
Garry, P.J., Egan [*2]Jr., Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order and judgment are affirmed, with costs.



Footnotes

Footnote 1: We reject plaintiff's assertion that Supreme Court abused its discretion in extending the time for defendant to oppose the cross motion (see generally CPLR 2004).