## iQuanti, Inc. v RTW Retailwinds Acquistion LLC

2024 NY Slip Op 33169(U)

September 6, 2024

Supreme Court, New York County

Docket Number: Index No. 654381/2022

Judge: Emily Morales-Minerva

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

## SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

| PRESENT: | HON. EMILY MORALES-MINERVA | PART | 42M |
|---|---|---|---|
| | *Justice* | | |

------------------------------------------------------------------X

IQUANTI, INC.

                    Plaintiff,

        - v -

RTW RETAILWINDS ACQUISTION LLC,

                  Defendant.

------------------------------------------------------------------X

| INDEX NO. | 654381/2022 |
|---|---|
| MOTION DATE | 03/27/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51

were read on this motion to/for      SUMMARY JUDGMENT (AFTER JOINDER).

APPEARANCES:

    Hubell & Associates, LLC, New York, New York (Richard A. Hubell Esq., of counsel) for plaintiff.

HON. EMILY MORALES-MINERVA:

In this action for, among other things, breach of contract, plaintiff, IQUANTI, INC. ("plaintiff"), moves for an order granting it summary judgment against defendant, RTW RETAILWINDS ACQUISITION LLC ("defendant") (see CPLR § 3212 [governing summary judgment]). Defendant does not submit opposition to the motion. For the reasons set forth below, the motion is granted, in part, and summary judgment is entered in favor of plaintiff on the issue of liability alone.

654381/2022 IQUANTI, INC. vs. RTW RETAILWINDS ACQUISTION LLC
Motion No. 001

Page 1 of 13

BACKGROUND

Plaintiff is a digital marketing firm that provides consulting services related to digital commerce, and defendant is the operator of numerous brand trade names which require data driven digital marketing services. The parties entered into the Master Services Agreement ("MSA") on November 9, 2020, and the Statement of Work ("SOW", collectively the "Agreements"), which was incorporated into the MSA, on May 16, 2021, for plaintiff to provide digital marketing services to defendant for a period of one-year (see NY St Cts Elec Filing [NYSCEF] Doc. Nos. 33 and 34, Agreements).

In exchange for plaintiff's marketing services, defendant agreed to compensate plaintiff in accordance with the detailed fee structure delineated in the SOW (see NYSCEF Doc. No. 34, SOW, Section 4[c]). According to the MSA, defendant was required to pay undisputed invoices issued by plaintiff within thirty (30) days of receipt (see NYSCEF Doc. No. 33, MSA, Section 3.2). Defendant paid plaintiff's invoices, without issue, through March of 2022 (see NYSCEF Doc. No. 30, Affidavit of Viswanatha Sastry Rachakonda).

On April 12, 2022, defendant notified plaintiff that it would not renew the one-year term of the SOW, which was set to terminate on May 16, 2022. However, in accordance with the parties'

**654381/2022  IQUANTI, INC. vs. RTW RETAILWINDS ACQUISTION LLC**
**Motion No. 001**

**Page 2 of 13**

2 of 13

[* 2]

Agreements, plaintiff continued to provide contracted services through May 16, 2022, the termination date of the SOW (see NYSCEF Doc. No. 001, Complaint).

Plaintiff alleges that in April and May of 2022, defendant failed to pay plaintiff's undisputed invoices (see NYSCEF Doc. Nos 35 – 36, Schedule of Pending Invoices). As a result, plaintiff emailed defendant to inquire about the outstanding invoices, and followed-up with defendant numerous times (see NYSCEF Doc. No. 37, E-mails from plaintiff to defendant). Plaintiff alleges that despite following up with defendant, the invoices remained delinquent and its e-mails went unanswered (id.). Plaintiff submits that Jack Saadia, Vice President of defendant, placed plaintiff's payments on an indefinite "hold" (NYSCEF Doc. No. 46, Jack Saadia's e-mails). During this time frame, the invoices were never objected to (see NYSCEF Doc. No. 30, Affidavit of Viswanatha Sastry Rachakonda).

On August 17, 2022, plaintiff sent defendant a demand letter, wherein plaintiff demanded "prompt payment in full of the outstanding balance" of $390,918.80 (see NYSCEF Doc. No. 38, Demand Letter). On September 9, 2022, defendant replied and noted that "[defendant] disputes amounts allegedly due to plaintiff . . . as [defendant] has had issues with [plaintiff]" (NYSCEF Doc. No. 39, Response Letter). Following this exchange, defendant continued to refuse to pay plaintiff (see NYSCEF Doc. No. 001, Complaint).

654381/2022  IQUANTI, INC. vs. RTW RETAILWINDS ACQUISTION LLC
Motion No. 001

Page 3 of 13

3 of 13

[* 3]

As a result of defendant's failure to pay plaintiff, plaintiff commenced this action on November 16, 2023, asserting four causes of action against defendant for breach of contract, unjust enrichment, quantum meruit, and account stated (see NYSCEF Doc. No. 001, Complaint). At the time of filing, the invoices were twenty months overdue (id.). Plaintiff alleges, among other things, that defendant breached the Agreements by failing to pay plaintiff for the services rendered, and plaintiffs were damaged as a result in an amount totaling "no less than $390,918.80" (id.). Defendant filed an untimely answer on January 6, 2023, and asserted twenty-four affirmative defenses (NYSCEF Doc. No. 004, Answer).

On June 15, 2023, the court (N. Bannon, J.S.C.) issued a preliminary conference order, setting forth specific discovery deadlines (NYSCEF Doc. No. 10, Preliminary Conference Order). Immediately thereafter, plaintiff served a deposition notice on defendant, and demanded it produce documents relevant to plaintiff's causes of action (see NYSCEF Doc. No. 007, Notice of Deposition).

Months later, at the compliance conference, the same justice determined that defendant failed to respond to plaintiff's discovery demands in accordance with the June 15, 2023 order (NYSCEF Doc. No. 12, Compliance Conference Order, August 17, 2023). Accordingly, the court (N. Bannon, J.S.C.) ordered defendant to

**654381/2022  IQUANTI, INC. vs. RTW RETAILWINDS ACQUISTION LLC**
**Motion No. 001**

**Page 4 of 13**

4 of 13

[* 4]

serve document responses and respond to discovery demands by August 31, 2023 (id.).

Defendant served discovery demands on plaintiff on October 3, 2023, but did not respond to plaintiff's discovery requests (see NYSCEF Doc. No. 17, Request for Production). Consequently, following a status conference, the court (N. Bannon, J.S.C.) ordered that defendant had waived discovery because defendant served demands on October 3, 2023, thirty-three days after the court-ordered deadline (see NYSCEF Doc. No. 22, Status Conference Order, October 5, 2023). The court again ordered defendant to serve document responses within fourteen days of the order (id.).

On October 18, 2023, defendant responded to plaintiff's discovery demands, and produced only two documents demanded by plaintiff -- the MSA and the SOW (NYSCEF Doc. No. 19). Defendant alleged that it was unable to comply with plaintiff's discovery demands due to a cyber-attack, which resulted in a loss of documents and data (see NYSCEF Doc. Nos. 23, 27). Plaintiff's deposition of defendant also did not proceed as scheduled (see NYSCEF Doc. Nos. 23, 24).

Accordingly, following a status conference, the court (N. Bannon, J.S.C) found that its prior court order had not been complied with in that defendant again failed to produce the documents plaintiff demanded, and defendant's deposition had not been conducted, without reasonable excuse (see NYSCEF Doc. No. 25,

**654381/2022  IQUANTI, INC. vs. RTW RETAILWINDS ACQUISTION LLC**
**Motion No. 001**

**Page 5 of 13**

5 of 13

Status Conference Order, November 30, 2023 [emphasis added]). The court ordered defendant to serve a Jackson Affidavit (see Jackson v City of New York, 185 AD2d 768 [1st Dept 1992]) and evidence of the alleged cyber-attack by December 29, 2023, and to complete the deposition of defendant by December 29, 2023 (id.).

On December 13, 2023, defendant submitted a Jackson Affidavit and a letter from an insurance adjuster regarding the alleged cyber-attack (see NYSCEF Doc. Nos. 26, 27). However, neither the affidavit nor the letter provided any specific information regarding the alleged cyber-attack, or the specific, detailed efforts defendant made to recover and provide the necessary documents to plaintiff (see id.). Further, Jack Saadia, defendant's Vice President, remotely appeared for his scheduled deposition, but the deposition could not proceed because Mr. Saadia alleged that the device he was using was "not operational" (NYSCEF Doc. No. 51).

Shortly thereafter, having made no progress on discovery, plaintiff filed Note of Issue (see NYSCEF Doc. No. 28, Note of Issue, January 31, 2024), followed by the subject motion (seq. no. 001), on March 27, 2024.

Here, plaintiff seeks an order, pursuant to CPLR § 3212, granting it summary judgment against defendant on its first cause of action (breach of contract) and fourth cause of action (account stated). Therein, among other things, plaintiff contends

**654381/2022  IQUANTI, INC. vs. RTW RETAILWINDS ACQUISTION LLC**
**Motion No. 001**

**Page 6 of 13**

6 of 13

[* 6]

entitlement to summary judgment, arguing no triable issues of fact exist that plaintiff provided services pursuant to a written contract, and that defendant failed to pay for those services in breach of that contract.

In support of its motion, plaintiff submits the pleadings herein (NYSCEF Doc. No. 001); the MSA (NYSCEF Doc. No. 33); the SOW (NYSCEF Doc. No. 34); the schedule of unpaid invoices (NYSCEF Doc. No. 35); copies of the unpaid invoices (NYSCEF Doc. No. 36); e-mails from plaintiff to defendant (NYSCEF Doc. No. 37); letters exchanged between the parties (NYSCEF Doc. Nos. 38 – 40); internal e-mails exchanged between employees of defendant (NYSEF Doc. Nos. 41 – 50); and an affidavit by Viswanatha Sastry Rachakonda, CEO of plaintiff (NYSCEF Doc. No. 30). Plaintiff requests an award of damages in an amount "no less than $390,918.80" (NYSCEF Doc. No. 001, Complaint).

Pending plaintiff's motion (seq. no. 001), counsel for defendant filed a motion to withdraw (seq. no. 002). The undersigned granted the motion, stayed the matter for thirty days, ordering defendant to notify the court as to their new counsel within thirty days, and ordering defendant to submit opposition papers to plaintiff's motion for summary judgment within thirty days of entry of counsel's notice of appearance (see NYSCEF Doc. No. 58, Decision and Order, July 2, 2024).

654381/2022   IQUANTI, INC. vs. RTW RETAILWINDS ACQUISTION LLC          Page 7 of 13
Motion No. 001

7 of 13

[* 7]

On July 29, 2024, this court held a status conference wherein defendant failed to appear, to seek an adjournment, or to present a reason for failing to appear and/or obtain counsel. Further, defendant's counsel, if any, has failed to file a notice of appearance on behalf of defendant, and defendant has not contacted the court to extend the stay or for more time to obtain counsel. Defendant has not submitted opposition papers to plaintiff's motion for summary judgment, and defendant has not made itself available for deposition. Therefore, the court marked the subject motion (seq no. 001) submitted without opposition.

## ANALYSIS

On a motion for summary judgment, the moving party must 'make a prima facie showing of entitlement to judgment as a matter of law, tendering [evidentiary proof in admissible form] to demonstrate the absence of any material issues of fact'" (Nomura Asset Capital Corp. v Cadwalader, Wickersham & Taft LLP, 26 NY3d 40, 49 [2015], citing Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; CPLR § 3212 [b]; Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065, 1066 [1979] [providing movant must support the subject application with "'evidentiary proof in admissible form'"]). Further, it is black letter law that such proof shall include the "affidavit" of a person having personal knowledge of

654381/2022  IQUANTI, INC. vs. RTW RETAILWINDS ACQUISTION LLC
Motion No. 001

Page 8 of 13

[* 8]

the facts, "a copy of the pleadings" and "other available proof, such as depositions and written admissions" (CPLR § 3212 [b]).

The court must view the facts in the light most favorable to the non-movant, giving it the benefit of all reasonable inferences (see De Lourdes Torres v Jones, 26 NY3d 742 [2016]). If the moving party makes the requisite showing, the non-moving party then has the burden "'to establish the existence of [factual issues] which require a trial of the action'" (id. at 763, citing Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012], quoting Alvarez, 68 NY2d at 324).

*Liability*

A breach of contract claim requires the plaintiff to show that a contract exists, the plaintiff performed in accordance with the contract, the defendant breached its contractual obligations, and the breach resulted in damages (34-06 73, LLC v Seneca Ins. Co., 39 NY3d 44, 52 [2022]; Second Source Funding, LLC v Yellowstone Capital, LLC, 144 AD3d 445 [1st Dept 2016]).

Plaintiff's submissions establish entitlement to summary judgment on its breach of contract cause of action. Specifically, the duly executed MSA and SOW establish that the parties entered into a written contract for plaintiff to provide digital marketing services to defendant for a period of one-year, and under the contract, defendant was required to pay plaintiff's invoices

[* 9]

within thirty days of receipt (see NYSCEF Doc. Nos. 33, 34). The various invoices (NYSCEF Doc. No. 36) reflect that defendant failed to pay for the digital marketing services that plaintiff provided, and defendant's internal e-mails demonstrate that the payments were kept on hold well beyond the thirty-day timeframe without any explanation. This is sufficient to establish a prima facie case for breach of contract (see George S. May Intern. Co. v Thirsty Moose, Inc., 19 AD3d 721 [3d Dept 2005]; Calm Ave, LLC v Baker, 224 AD3d 426 [1st Dept 2024]; Hussey v Joseph N. Leggio Agency, Inc., 299 AD2d 690 [3d Dept 2002]).

An account stated claim is an independent cause of action and not duplicative of a breach of contract claim (Aronson Mayefsky & Sloan, LLP v Praeger, 228 AD3d 182 [1st Dept 2024]). Summary judgment is appropriate where a defendant receives and retains invoices for professional services rendered, and fails to object within a reasonable time (see e.g. Mintz & Gold LLP v Daibes, 125 AD3d 488 [1st Dept 2015]; Berkman Bottger & Rodd, LLP v Moriarty, 58 AD3d 539 [1st Dept 2009]; Glazer v Falberg, 85 AD2d 938 [1st Dept 1981]).

Here, the admissible evidence submitted by plaintiff -- namely, the timely submitted invoices; the numerous follow-up e-mails from plaintiff to defendant as to the status of the outstanding invoices, and defendant's acknowledgment of such; defendant's failure to object to the invoices or plaintiff's

654381/2022  IQUANTI, INC. vs. RTW RETAILWINDS ACQUISTION LLC
Motion No. 001

Page 10 of 13

10 of 13

performance within a reasonable time; defendant's internal e-mails confirming that the payments due were placed on an inexplicable, indefinite hold; and the affidavit of plaintiff's CEO, who has personal knowledge of the facts in the instant matter -- establishes that an account has been stated (see NYSCEF Doc Nos. 30, 35, 36, 37, and 41 – 50). Therefore, plaintiff is entitled to summary judgment on the account stated cause of action (see Cohen Tauber Spievak & Wagner, LLP v Alnwick, 33 AD3d 562 [1st Dept 2006]; I.S. Design, Inc v Planned Mgmt. Const. Corp., 243 AD2d 425 [1st Dept 1997]).

Further, by failing to oppose the motion, defendant has failed to raise any material, triable issue of fact (Sears Holding Mgmt. Corp. v Rockaway Realty Assocs., LP, 176 AD3d 433, 433 [1st Dept 2019] [holding: "as defendants submitted no relevant admissible evidence in opposition to the motion, we affirm the grant of summary judgment for breach of contract in plaintiff's favor"]; Zuckerman v City of New York, 49 NY2d 557, 560 [1980]). Therefore, this court grants summary judgment for breach of contract and account stated in plaintiff's favor.

The remaining causes of action for unjust enrichment and quantum merit are dismissed as duplicative of the breach of contract and account stated claims (see Brown v Brown, 12 AD3d 176 [1st Dept 2004]; Dipizio Const. Co. v Niagara Frontier Transp. Auth., 107 AD3d 1565 [1st Dept 2013]).

654381/2022  IQUANTI, INC. vs. RTW RETAILWINDS ACQUISTION LLC
Motion No. 001

Page 11 of 13

11 of 13

[* 11]

*Damages*

As plaintiff requests "no less than $390,918.80", which cannot be ascertained in total, plaintiff is directed to an Inquest to determine the amount of damages (see CPLR 3212 [c]; Murray v Farrell, 97 AD3d 953 [3d Dept 2012]).

Accordingly, it is hereby:

ORDERED that plaintiff's unopposed motion for summary judgment (seq. no. 001) is granted, in part, as to defendant's liability on the first (breach of contract) and fourth (account stated) causes of action, and the motion is otherwise denied; and it is further

ORDERED that this matter is scheduled for an Inquest for the assessment of damages before Justice Emily-Morales Minerva in Part 42 at 111 Centre Street New York, NY 10013, in Courtroom 574 on October 24, 2024, at 10:00 A.M.; and it is further

ORDERED that, within ten (10) days of this order, plaintiff IQUANTI, INC., shall serve a copy of this Order, with notice of entry, by overnight mail, return receipt requested, on defendant RTW RETAILWINDS ACQUISITION LLC, as well as by electronic mail on defendant at sugeidy@tfxny.com, and shall file such notice via NYSCEF.

**654381/2022   IQUANTI, INC. vs. RTW RETAILWINDS ACQUISTION LLC**
**Motion No.  001**

**Page 12 of 13**

12 of 13

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

9/06/2024
**DATE**

*Emily Morales-Minerva* (signature)
**EMILY MORALES-MINERVA, J.S.C.**

| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**654381/2022   IQUANTI, INC. vs. RTW RETAILWINDS ACQUISTION LLC**
**Motion No.  001**

Page 13 of 13

13 of 13