■ Brian Sealey, Appellant, v West End Garden Development Fund Company, Inc., et al., Defendants and Third-Party Plaintiffs-Respondents. Sterling Elevator Corp., Third-Party Defendant-Respondent. [830 NYS2d 730]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated July 5, 2005, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Borough Park Housing Development Fund Company, Inc.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

On September 9, 1999 the plaintiff, a wheelchair-bound quadriplegic, summoned the elevator to the fourth floor of the

apartment building where he resided in Brooklyn. When it arrived, the floor of the elevator was approximately five to six inches higher than the hallway floor. The plaintiff nevertheless attempted to ride his electric-powered wheelchair into the elevator. However, a portion of the elevator made contact with the wheelchair's footrest, preventing the wheelchair from entering the elevator. The plaintiff backed the wheelchair up and attempted a second time to ride the wheelchair forwards into the elevator. On this attempt, the wheelchair flipped over backwards, ejecting the plaintiff from the wheelchair and causing him to strike his head on the floor outside in the hallway.

The plaintiff commenced this action, claiming that the accident and resulting injuries were proximately caused by the defendants' negligence. In support of their motion for summary judgment dismissing the complaint, the defendants argued, inter alia, that West End Garden Development Company, Inc. (hereinafter West End), could not be liable to the plaintiff because it did not own or manage the apartment building, and that any injuries which were sustained by the plaintiff were proximately caused solely by his own actions. In opposition to the motion, the plaintiff conceded that West End was not liable, but contended, inter alia, that the elevator frequently misleveled and that when he complained of the defect, the defendant landlord Borough Park Housing Development Fund Company, Inc. (hereinafter the defendant), failed promptly to remedy the situation.

We decline to entertain the plaintiff's threshold contention that the defendants' motion was based on inadmissible deposition testimony and should have been denied on that ground alone, since this contention is raised for the first time on appeal (*see Block v Magee*, 146 AD2d 730, 732 [1989]).

Turning to the merits, we conclude, as a matter of law, that the plaintiff's attempt to traverse, in his wheelchair, a height differential that was concededly between five and six inches, superseded any negligence on the defendant's part, and terminated its liability for his injuries (*see Egan v A.J. Constr. Corp.*, 94 NY2d 839, 841 [1999]). Notably, the owner's operator and maintenance manual, applicable to the specific wheelchair model used by the plaintiff at the time of the occurrence, warned the user not to drive over curbs or obstacles, since doing so could cause the wheelchair to turn over and cause bodily harm.

The plaintiff's remaining contentions are without merit. Ritter, J.P., Santucci, Skelos and Dickerson, JJ., concur.