■ DAWN T. WALKER et al., Appellants, v SANDRA L. GREATHEART, Respondent. [856 NYS2d 199]—In an action, inter alia, to recover damages for personal injuries, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Bunyan, J.), dated September 25, 2006, as granted the defendant's motion for summary judgment dismissing the complaint on the ground that none of them sustained a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant's motion which was to dismiss the fourth cause of action in the complaint and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

This appeal arises from a two-car accident which occurred at an intersection on Staten Island. The evidence submitted by the defendant in support of her motion for summary judgment, including the plaintiffs' verified bill of particulars, their deposition testimony, and the affirmed medical reports of her orthopedic and radiological experts, established a prima facie case that none of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 352 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). Although an MRI report prepared by the plaintiffs' radiologist, submitted by the defendant in support of her motion, revealed that the plaintiff Kevin A. Walker exhibited bulging discs at L4-L5 and L5-S1, the defendant submitted admissible proof that the plaintiff Kevin A. Walker has full range of motion and suffers from no disabilities causally related to the motor vehicle accident. This proof established a prima facie case that the plaintiff Kevin A. Walker did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), "despite the existence of an MRI which shows herniated or bulging discs" (*Kearse v New York City Tr. Auth.*, 16 AD3d 45, 50 [2005]). Furthermore, the plaintiffs' claim that the transcript of the deposition testimony of the plaintiff Kimberly J. Walker

was inadmissible is improperly raised for the first time on this appeal (*see Triantafillopoulos v Sala Corp.*, 39 AD3d 740 [2007]; *Block v Magee*, 146 AD2d 730, 732 [1989]).

The affidavits of the plaintiffs' chiropractic expert Jeff Mollins, which were submitted in opposition to the defendant's motion, failed to raise a triable issue of fact as to whether they sustained a serious injury within the meaning of Insurance Law § 5102 (d). Mollins, who examined each plaintiff only once almost six years after the accident, failed to indicate what treatment, if any, the plaintiffs received for their alleged injuries in the almost six-year period between the time of the accident and his examinations (*see Young v Gonzalez*, 19 AD3d 408, 409 [2005]; *Puerto v Omholt*, 17 AD3d 650 [2005]; *Smith v Askew*, 264 AD2d 834 [1999]). Furthermore, Mollins failed to provide any explanation for the long period without treatment. Moreover, under the circumstances, his opinion that the injuries sustained by each plaintiff are a direct result of the accident was conclusory and thus insufficient to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Accordingly, the Supreme Court correctly granted those branches of the defendant's motion which were for summary judgment dismissing the causes of action relating to the plaintiffs' personal injuries. However, although the finding of no serious injury is a basis for dismissing the causes of action relating to the plaintiffs' personal injuries, it is not a basis for dismissal of the plaintiffs' fourth cause of action seeking to recover for property damage. Spolzino, J.P., Miller, Covello and Balkin, JJ., concur.