# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

812
CA 11-00179
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, AND SCONIERS, JJ.

---

USHCP REAL ESTATE DEVELOPMENT, INC.,
PLAINTIFF-APPELLANT-RESPONDENT,

V                                              MEMORANDUM AND ORDER

ANDREW MITRANO,
DEFENDANT-RESPONDENT-APPELLANT.

---

EDWIN R. SCHULMAN, ROCHESTER (MICHAEL A. ROSENHOUSE OF COUNSEL), FOR
PLAINTIFF-APPELLANT-RESPONDENT.

WILLIAM J. MACDONALD, ROCHESTER, FOR DEFENDANT-RESPONDENT-APPELLANT.

---

Appeal and cross appeal from an order of the Supreme Court,
Monroe County (John J. Ark, J.), entered August 27, 2010. The order
denied plaintiff's motion for summary judgment and denied defendant's
cross motion for summary judgment.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by granting that part of plaintiff's
motion for partial summary judgment on liability and as modified the
order is affirmed without costs and the matter is remitted to Supreme
Court, Monroe County, for an inquest on damages.

Memorandum: In this action for breach of an express warranty,
plaintiff appeals and defendant cross-appeals from an order denying
plaintiff's motion for summary judgment and defendant's cross motion
for summary judgment dismissing the complaint. This action arises out
of defendant's assignment of a promissory note and mortgage to
plaintiff. As part of the assignment, defendant expressly warranted
that the principal balance of the note was $378,092.87. The amount of
the warranty was set forth not only in the assignment, but also in an
allonge and a "Lost Note Affidavit" signed by defendant. Shortly
after closing, defendant notified plaintiff's attorney that, in
calculating the principal balance of the note, defendant neglected to
provide a credit to the mortgagor in the amount of $5,000 based on a
prepayment he had made. Plaintiff thereafter commenced this action
seeking damages in the amount of $24,920.22, the difference between
the principal balance of the note initially warranted by defendant and
the revised principal balance subsequently alleged by defendant to be
due, following closing.

We conclude that Supreme Court erred in denying plaintiff's
motion to the extent that it seeks partial summary judgment on

liability and we therefore modify the order accordingly.  On the record before us, there is no dispute that defendant expressly warranted that the principal balance of the note was more than the amount actually due thereunder.  Plaintiff also established that its sole shareholder relied on defendant's representations concerning the principal balance due as part of the parties' agreement.  Indeed, in the "Lost Note Affidavit" provided to plaintiff prior to closing, defendant stated that he understood that plaintiff, in purchasing the note and mortgage, was relying on the facts asserted in the affidavit with respect to the principal balance due, i.e., the amount warranted by defendant before the closing.  Plaintiff therefore established all elements of a cause of action for breach of express warranty (*see CBS Inc. v Ziff-Davis Publ. Co.*, 75 NY2d 496, 503-504), and in response defendant failed to raise an issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

Defendant contends that plaintiff is not entitled to recover based on defendant's breach of express warranty because plaintiff could have determined the correct amount due on the note if it had exercised due diligence during the parties' negotiations.  We reject that contention.  As the Court of Appeals has explained, a warranty " 'is intended precisely to relieve the promisee of any duty to ascertain the [warranted] fact for [itself]; *it amounts to a promise to indemnify the promisee for any loss if the fact warranted proves untrue, for obviously the promisor cannot control what is already in the past*' " (*CBS Inc.*, 75 NY2d at 503).  Thus, even assuming, arguendo, that plaintiff could have discovered prior to closing that the principal balance was less than the amount warranted, we conclude that the potential for such a discovery is not a defense to this action.

With respect to damages, we conclude that plaintiff established as a matter of law that the mortgagor made $45,000 in prepayments on the mortgage, as well as scheduled payments of $5,170.08 every month prior to assignment of the promissory note and mortgage, with the exception of July 2009, when he made a partial payment of $1,400.  Plaintiff's sole shareholder stated in his affidavit that those payments were reflected in records provided to him by defendant, and defendant failed to raise an issue of fact with respect thereto.  Indeed, defendant disputed only the principal amount due as calculated by plaintiff but did not specifically challenge any of plaintiff's assertions regarding payments made by the mortgagor.  We further conclude, however, that plaintiff failed to establish as a matter of law that, based on the schedule of payments set forth above, the principal balance of the note at closing was $24,920.22 less than the amount warranted by defendant, as alleged in the complaint.  It is unclear from the record how that amount was calculated by plaintiff, and we therefore remit the matter to Supreme Court for an inquest on that narrow issue (*see generally Puntillo Assoc. v Land*, 222 AD2d 425, 426).

Entered:  June 17, 2011                        Patricia L. Morgan
                                               Clerk of the Court