■ Lexington Park Realty LLC et al., Appellants, v National Union Fire Insurance Company of Pittsburgh, PA, Respondent. [992 NYS2d 1]—

Order, Supreme Court, New York County (Ellen M. Coin, J.), entered March 26, 2013, which, to the extent appealed from, granted defendant insurer's motion for summary judgment dismissing the complaint, and denied the insured plaintiffs' cross motion for summary judgment on the issue of liability, unanimously affirmed, without costs.

The insurance policy exclusion at issue, which precludes coverage for loss due to "[d]ishonest or criminal act[s]" committed by anyone to whom the insured plaintiffs entrusted the subject property for any purpose, applies here. Plaintiffs leased the insured premises to a tenant, which converted the premises into a youth hostel, removed the kitchen cabinets and appliances to turn the kitchens into additional dormitory areas, and, when the hostel closed, did not return the cabinets or appliances (see Neighborhood Invs., LLC v Kentucky Farm Bur. Mut. Ins. Co., 430 SW3d 248, 252-253 [Ky Ct App 2014]). Plaintiffs

argue that the term "entrustment" in the policy pertains solely to chattels and not to fixtures (*see e.g. AXA Art Ins. Corp. v Renaissance Art Invs., LLC*, 32 Misc 3d 1223[A], 2011 NY Slip Op 51397[U] [Sup Ct, NY County 2011] [loss of art works consigned to a gallery], *affd* 102 AD3d 604 [1st Dept 2013], *lv denied* 21 NY3d 855 [2013], *cert denied* 571 US —, 134 S Ct 792 [2013]). However, in *Abrams v Great Am. Ins. Co.* (269 NY 90, 92 [1935]), the Court of Appeals explained that an insurance contract's language "must be given its ordinary meaning," and "common words" in a policy such as entrusted are not "used as words of art with legalistic implications." Accordingly, *Abrams* taught, when a contract indicates that the property is entrusted, it can be understood that the parties mean that possession of property is willingly "surrender[ed] or deliver[ed] or transfer[red]," to be "used for the purpose intended by the owner . . . . The controlling element is the design of the owner rather than the motive of the one who obtained possession" (*id.*). Here, we find that the terms of the policy at issue do not limit what can be entrusted, that property may be entrusted to another under a triple net lease agreement, and that the entrustment refers to the entirety of the premises unless otherwise specified.

We reject plaintiffs' contention that they did not admit that the tenant caused the loss. Plaintiffs made the admission in verified interrogatory responses, which were affirmed by the president of plaintiff Eminent Realty LLC a year before defendant moved for summary judgment. The president's subsequent evasive deposition testimony that he was unable to extract from the tenant an admission that he had taken or removed the missing kitchen fixtures, does not meaningfully contradict his earlier verified statement that the tenant was the thief, and thus does not raise an issue of fact as to the thief's identity.

The June 1, 2011 letter from defendant's third-party administrator did not constitute an admission of coverage. The letter explicitly stated that any tentative agreement regarding the claimed loss was subject to defendant's approval and "the terms and conditions of the policy." Accordingly, defendant did not admit coverage or waive the right to assert a policy exclusion. Indeed, the doctrine of waiver is inapplicable, given that the issue here is the existence or nonexistence of coverage (*see Albert J. Schiff Assoc. v Flack*, 51 NY2d 692, 698 [1980]; *see also Nicoletta v Berkshire Life Ins. Co.*, 99 AD3d 567, 567 [1st Dept 2012]). Concur—Friedman, J.P., Acosta, Saxe, Feinman and Gische, JJ.