GRJH, Inc. v 3680 Props., Inc. (2020 NY Slip Op 00015)





GRJH, Inc. v 3680 Props., Inc.


2020 NY Slip Op 00015


Decided on January 2, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 2, 2020

527407

[*1]GRJH, Inc., Appellant- Respondent,
v
3680 Properties, Inc., Respondent- Appellant.

Calendar Date: November 15, 2019

Before: Egan Jr., J.P., Clark, Devine and Aarons, JJ.


Friedman, Hirschen & Miller, LLP, Clifton Park (Jeanne M. Gonsalves Lloyd of counsel), for appellant-respondent.
Hug Law, PLLC, Albany (Matthew Hug of counsel), for respondent-appellant.



Aarons, J.
Cross appeals from an order of the Supreme Court (Zwack, J.), entered August 15, 2018 in Rensselaer County, which partially granted plaintiff's motion for summary judgment.
In June 2010, plaintiff, the owner of a gas station and convenience store in Rensselaer County, and defendant entered into an agreement whereby defendant would lease and operate the gas station and the store as a contractor. Plaintiff commenced this action in March 2016 alleging that defendant breached the agreement by failing to make payments as required by the agreement. Defendant joined issue and alleged two counterclaims against plaintiff. During the course of discovery, plaintiff moved to strike defendant's answer based upon its failure to comply with various discovery requests. In a February 2017 order, Supreme Court refused to strike the answer but directed defendant to provide the outstanding requested discovery within 60 days. Plaintiff then moved to preclude defendant from offering evidence to defend against plaintiff's claims or to support its counterclaims based upon defendant's failure to comply with the February 2017 order. In a January 2018 order, the court, among other things, granted plaintiff's motion. Defendant's subsequent motion for, among other things, vacatur of the January 2018 order was denied by the court in a May 2018 order. Plaintiff thereafter moved for summary judgment on its claim and for dismissal of the counterclaims. In an August 2018 order, the court partially granted the motion by awarding plaintiff partial summary judgment on the issue of whether defendant breached the agreement and dismissing the counterclaims. Finding that plaintiff's proof did not suffice to determine the amount of damages sustained by plaintiff, the court directed a trial on damages and counsel fees. This appeal and cross appeal ensued.
As an initial matter, defendant raises various arguments directed at discovery-related orders issued by Supreme Court — specifically, the February 2017, January 2018 and May 2018 orders. The record, however, does not contain any notices of appeal from these orders. Rather, the record reflects that defendant appealed only from the August 2018 order. In the absence of a notice of appeal with respect to the February 2017, January 2018 or May 2018 orders and, because the August 2018 order is not a final order that would bring these orders up for review (see Calabrese Bakeries, Inc. v Rockland Bakery, Inc., 102 AD3d 1033, 1035 [2013]; compare Hurd v Lis 126 AD2d 163, 166 [1987], appeal dismissed 70 NY2d 872 [1987]), defendant's arguments pertaining to these orders are not properly before us.
Turning to plaintiff's motion for summary judgment, a cause of action for breach of contract requires that plaintiff show the existence of a contract, the performance of its obligations under the contract, the failure of defendant to perform its obligations and damages resulting from defendant's breach (see Torok v Moore's Flatwork & Founds., LLC, 106 AD3d 1421, 1422 [2013]; McCormick v Favreau, 82 AD3d 1537, 1541 [2011], lv denied 17 NY3d 712 [2011]). In support of its motion, plaintiff submitted, among other things, the pleadings, a copy of the agreement entered into between it and defendant and an affidavit from its president. The agreement provided, as relevant here, that defendant would pay plaintiff $5,000 per month in rent, one third of the real property taxes and one half of the fees related to credit card operations. Plaintiff's proof also reflects that defendant failed to tender any rent payments for all of 2016 and from January 2017 to June 2017, which was when the agreement expired and defendant vacated the premises. The president averred in her affidavit that defendant failed to pay its share of the real property taxes for this same period and that defendant had been mistakenly charged only 25% of the credit card fees, instead of the 50% per the agreement. In view of the foregoing, plaintiff satisfied its burden of showing that defendant breached the agreement (see Digesare Mech., Inc. v U.W. Marx, Inc., 176 AD3d 1449, 1453 [2019]; Murray v Farrell, 97 AD3d 953, 955-956 [2012]; Convenient Med. Care v Medical Bus. Assoc., 291 AD2d 617, 618 [2002]).
With the burden shifted, it was incumbent upon defendant to raise a triable issue of fact (see Digesare Mech., Inc. v U.W. Marx, Inc., 176 AD3d at 1453; see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). We note that, notwithstanding the dictates of the January 2018 order, defendant tendered evidence in opposition to plaintiff's motion. Such proof, however, did not demonstrate a triable issue of fact (see George S. May Intl. Co. v Thirsty Moose, Inc., 19 AD3d 721, 722 [2005]). Accordingly, Supreme Court correctly found that plaintiff was entitled to summary judgment on the issue of whether defendant breached the agreement.
Plaintiff contends that Supreme Court erred by failing to grant it summary judgment on the issue of damages. We disagree. The agreement provided that defendant was to give plaintiff supply pump readings and an inventory reconciliation and that defendant, on a daily basis, would fax to plaintiff all sales information. Plaintiff was also required to pay defendant a "management fee," which was calculated as five cents for each gallon of gasoline sold in a calendar month. This management fee was also "subject to [an] off-set by [plaintiff]." In our view, the court correctly found that the spreadsheet submitted by plaintiff in support of its motion was insufficient to conclusively demonstrate the amount of plaintiff's alleged damages because it did not show what was factored into plaintiff's calculations or what was owed to defendant. The record further discloses that plaintiff's president noted that there were anomalies in the daily figures being reported by defendant. Viewing the evidence in the light most favorable to defendant, we find that the court did not err in directing a trial on the issue of damages (see generally Murray v Farrell, 97 AD3d at 956). To the extent that plaintiff contends that the January 2018 order is binding under the law of the case doctrine, such doctrine does not apply to this Court (see Martin v City of Cohoes, 37 NY2d 162, 165 [1975]).
Finally, we conclude that dismissal of defendant's counterclaims was proper. By virtue of the January 2018 order, defendant was effectively precluded from proving a prima facie case on its counterclaims (see Vecchiano v Greyhound Lines, 135 AD2d 708, 708 [1987], lv denied 71 NY2d 803 [1988]).
Egan Jr., J.P., Clark and Devine, JJ., concur.
ORDERED that the order is affirmed, without costs.