Redwing Constr. Co., Inc. v Sexton (2020 NY Slip Op 01538)





Redwing Constr. Co., Inc. v Sexton


2020 NY Slip Op 01538


Decided on March 5, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 5, 2020

528310

[*1]Redwing Construction Co., Inc., Appellant,
v
Martin Sexton et al., Respondents, et al., Defendants. (And Another Related Action.)

Calendar Date: January 16, 2020

Before: Garry, P.J., Egan Jr., Lynch, Mulvey and Reynolds Fitzgerald, JJ.


Law Office of James M. Brooks, Lake Placid (James M. Brooks of counsel), for appellant.
Briggs Norfolk LLP, Lake Placid (Matthew D. Norfolk of counsel), for respondents.



Egan Jr., J.
Appeal from an order of the Supreme Court (Ellis, J.), entered November 19, 2018 in Franklin County, which, among other things, granted a motion by defendants Martin Sexton and Georganne Sexton for summary judgment dismissing the complaint against them.
In July 2012, defendants Martin Sexton and Georganne Sexton (hereinafter collectively referred to as defendants) entered into a contract with plaintiff to build a lakefront residence on Upper Saranac Lake in the Town of Santa Clara, Franklin County. Following plaintiff's completion of the residence, a dispute over payment ensued and, in August 2013, plaintiff filed a mechanic's lien against defendants for the work that had been performed. Plaintiff then commenced this action seeking damages, alleging causes of action for breach of contract, unjust enrichment and foreclosure of the mechanic's lien. Defendants filed a pre-answer motion to dismiss, which, in March 2015, Supreme Court denied. No answer was subsequently forthcoming from defendants and, in March 2016, plaintiff filed a notice of stipulation purporting to partially and conditionally discontinue its claims for unjust enrichment and forclosure of its mechanic's lien, pending entry of a default judgment against defendants on its breach of contract cause of action. A default judgment was thereafter entered against defendants on March 10, 2016. Defendants subsequently moved to vacate the default judgment, which motion Supreme Court granted.[FN1] Defendants thereafter answered, asserting a counterclaim against plaintiff sounding in negligence.[FN2] Following joinder of issue, defendants moved for summary judgment dismissing the complaint, contending, among other things, that plaintiff failed to comply with General Business Law § 771 and failed to abide by a contractual condition precedent requiring it to file a notice of claim prior to commencing suit against defendants. Plaintiff opposed and cross-moved for, among other things, summary judgment dismissing defendants' counterclaim. Supreme Court granted defendants' motion for summary judgment dismissing the complaint, determining that plaintiff's failure to abide by the contract's condition precedent bars it from recovery and that its causes of action for unjust enrichment and foreclosure of the mechanic's lien were duplicitous of its breach of contract claim. Supreme Court also dismissed defendants' counterclaim. Plaintiff appeals.[FN3]
We affirm. Plaintiff's contention that Supreme Court improperly dismissed its breach of contract cause of action based upon its alleged failure to abide by a contractually specified condition precedent is without merit. As relevant here, "[n]o action for breach of contract lies where the party seeking to enforce the contract has failed to perform a specified condition precedent" (Phoenix Signal & Elec. Corp. v New York State Thruway Auth., 90 AD3d 1394, 1396-1397 [2011] [internal quotation marks and citations omitted]; see Ridley Elec. Co., Inc. v Dormitory Auth. of the State of N.Y., 152 AD3d 1129, 1131 [2017]). In support of its motion, defendants submitted a copy of the parties' July 2012 contract. Article 22 of the contract provides, in relevant part, that "[a]ny controversy or claim arising out of or related to the contract, or the breach thereof, shall be settled by legal action" provided that the following condition precedent is met by plaintiff: "service upon [defendants] by certified mail of a written notice of claim specifying the facts and containing an itemization of the damages claimed, the same to be served not later than thirty (30) days after the date of the final payment."[FN4] In their affidavit in support of their summary judgment motion, defendants aver that at no time prior to commencement of this action did plaintiff ever serve them with a written notice of claim in accordance with article 22 of the contract. Given the plain language of the contract and defendants' assertions, they established their prima facie entitlement to judgment as a matter of law, shifting the burden to plaintiff to demonstrate the existence of a material issue of fact (see CPLR 3212 [b]; Ridley Elec. Co., Inc. v Dormitory Auth. of the State of N.Y., 152 AD3d at 1131-1132).
In opposition, plaintiff failed to demonstrate the existence of a material issue of fact. Plaintiff does not allege that, at any point prior to filing suit, it served a written notice of claim upon defendants as provided for in article 22 of the parties' contract.[FN5] We reject plaintiff's claim that the subject condition precedent is inapplicable because defendants failed to make final payment for the work performed. With regard to completion of the construction work, a certificate of occupancy for the residence was issued on June 5, 2013. Thereafter, in early July 2013, the parties executed a final punch list; however, in its July 24, 2013 memorandum to defendants, plaintiff specifically informed defendants that, although it had performed nearly all of the items on the punch list — the date the parties' contractually agreed would be deemed "final completion" of construction — it was not going to perform any more work on the residence until final payment was received. Pursuant to the parties' contract, however, defendants were not obligated to make their final payment until two business days following "[c]ompletion of the punch list items." Plaintiff, therefore, cannot rely on defendants' lack of final payment to nullify the subject condition precedent when it elected not to complete the punch list and, in turn, abide by the contractually agreed upon timeline for defendants to make final payment. Nor did plaintiff proffer any other evidence demonstrating that defendants' failure to pay the final invoice was intended to frustrate or prevent the occurrence of this condition precedent (see Phoenix Signal & Elec. Corp. v New York State Thruway Auth., 90 AD3d at 1397). Accordingly, given plaintiff's failure to perform the specified condition precedent, Supreme Court properly dismissed plaintiff' breach of contract cause of action.[FN6]
Supreme Court also properly dismissed plaintiff's unjust enrichment cause of action as being duplicative of its breach of contract cause of action. "The theory of unjust enrichment lies as a quasi-contract claim and contemplates an obligation imposed by equity to prevent injustice, in the absence of an actual agreement between the parties" (Georgia Malone & Co., Inc. v Rieder, 19 NY3d 511, 516 [2012] [internal quotation marks and citations omitted]). "An unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim" (Corsello v Verizon N.Y., Inc., 18 NY3d 777, 790 [2012]; accord Doller v Prescott, 167 AD3d 1298, 1301 [2018]). Here, the parties entered into a written construction contract in July 2012 for the construction of the subject lakefront residence. Notably, other than plaintiff's conclusory assertion that the parties executed a supplemental agreement for the provision of additional services that were not contemplated by or otherwise governed by the parties' July 2012 contract — which contention was raised for the first time on appeal — there is nothing in the record to substantiate its claim that the parties entered into two separate contracts pertaining to the construction of the residence. Tellingly, plaintiff's complaint only references one contract, and its unjust enrichment claim is premised upon a claim of damages for unpaid labor, materials, services and the reasonable value of labor and services rendered on constructing said residence for an amount that is identical to the damages sought for its breach of contract claim. Accordingly, given that the July 2012 contract governs the subject matter at issue, Supreme Court appropriately determined that plaintiff is precluded from any recovery for unjust enrichment (see Belair Care Ctr., Inc. v Cool Insuring Agency, Inc., 168 AD3d 1162, 1165 [2019]; Catlyn & Derzee, Inc. v Amedore Land Devs., LLC, 166 AD3d 1137, 1140 [2018]).
Garry, P.J., Lynch, Mulvey and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: Plaintiff filed its motion for default judgment directly with the Franklin County Clerk based upon a sum certain; it was not filed in Supreme Court. Supreme Court thereafter treated plaintiff's notice of stipulation purporting to partially and conditionally discontinue its claims for unjust enrichment and foreclosure of its mechanic's lien as a nullity.

Footnote 2: On December 27, 2014, a fire destroyed the subject residence. Defendants contend that the cause of the fire was the negligent design, installation and/or construction of the chimney.

Footnote 3: Plaintiff appeals only from the dismissal of its breach of contract and unjust enrichment claims. It does not appeal from the dismissal of the mechanic's lien foreclosure claim.

Footnote 4: Insofar as plaintiff claims that defendants waived any claim regarding plaintiff's compliance with the condition precedent set forth in article 22 of the parties' July 2012 contract by not raising it in their pre-answer motion to dismiss or answer, we note that plaintiff's complaint specifically alleged that, after proceeding with construction work, it thereafter "fully complied with all the terms, conditions and agreement of the parties." In their answer, defendants generally denied plaintiff's claim in this regard, which was sufficient "to place the performance or occurrence of the condition[] precedent in issue" (Carr v Birnbaum, 75 AD3d 972, 973 [2010]; see Allis-Chalmers Mfg. Co. v Malan Constr. Corp., 30 NY2d 225, 233-234 [1972]).

Footnote 5: To the extent that plaintiff argues that its July 24, 2013 memorandum to defendants served as the functional equivalent of a notice of claim, we find this argument to be without merit. Said memorandum was not denominated as a notice of claim, it did not indicate any intention by plaintiff to bring suit, it did not set forth or itemize any claim for damages and there is no indication that it was served upon defendants by certified mail, as contractually required.

Footnote 6: In light of our holding, we need not address defendants' further contention that General Business Law § 771 provided an additional ground for dismissal of plaintiff's breach of contract cause of action.