Daire v Sterling Ins. Co. (2022 NY Slip Op 02465)

Daire v Sterling Ins. Co.

2022 NY Slip Op 02465

Decided on April 14, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 14, 2022

532647
[*1]Edward Daire et al., Appellants,
v
Sterling Insurance Company, Respondent.

Calendar Date:February 16, 2022

Before:Egan Jr., J.P., Aarons, Pritzker, Reynolds Fitzgerald and Ceresia, JJ.

Law Office of Ronald R. Benjamin, Binghamton (Ronald R. Benjamin of counsel), for appellants.
Knych & Whritenour, LLC, Syracuse (Peter W. Knych of counsel), for respondent.

Pritzker, J.
Appeals from two orders of the Supreme Court (McBride, J.), entered October 23, 2020 and November 30, 2020 in Chenango County, which, among other things, granted defendant's motion for summary judgment dismissing the complaint.
This dispute arose in relation to plaintiffs' lease of their single-family residence in the Town of Colesville, Broome County to Carol Sweet. After evicting Sweet in 2019, plaintiffs discovered that there was significant damage to the property and, accordingly, submitted a claim for approximately $63,000 to defendant and HBE Group, Inc., with whom plaintiffs had an insurance policy that provided coverage for, as relevant here, criminal vandalism. Defendant denied the claim, finding that the conduct underlying the claim fell under an exclusion for dishonest or criminal acts by anyone to whom plaintiffs entrusted the property (hereinafter the entrustment exclusion). Plaintiffs commenced this action against defendant [FN1] for breach of contract and deceptive business practices, arguing that the entrustment exclusion language was ambiguous, deceptive and caused their injury. Defendant answered and raised several affirmative defenses. Defendant moved for summary judgment dismissing the complaint, relying on the express contract language. Plaintiffs cross-moved for leave to file a second amended complaint. Supreme Court, finding that the entrustment exclusion barred plaintiffs from recovery, granted defendant's motion and dismissed the complaint.[FN2] Plaintiffs appeal.
Plaintiffs contend that Supreme Court erred in granting defendant's motion for summary judgment as to the breach of contract cause of action. "[A] cause of action for breach of contract requires that [the] plaintiff show the existence of a contract, the performance of its obligations under the contract, the failure of [the] defendant to perform its obligations and damages resulting from [the] defendant's breach" (GRJH, Inc. v 3680 Props., Inc., 179 AD3d 1177, 1178 [2020]). "It is well established that when interpreting an insurance contract, as with any written contract, the court must afford the unambiguous provisions of the policy their plain and ordinary meaning" (Hilgreen v Pollard Excavating, Inc., 193 AD3d 1134, 1137 [2021] [internal quotation marks and citations omitted], appeal dismissed 37 NY3d 1002 [2021]). "Whether a written agreement is ambiguous is a question of law for the court, and ambiguity is determined by looking within the four corners of the document, not to outside sources" (Todd v Grandoe Corp., 302 AD2d 789, 790 [2003] [internal quotation marks, brackets and citations omitted]).
In support of its motion for summary judgment, defendant proffered, among other things, an attorney affirmation by its counsel, Peter Knych, with exhibits, including the policy at issue. Knych explained that plaintiffs had sought coverage under the peril of vandalism but that such coverage, as is standard in this kind of insurance policy, does not extend [*2]to acts of property destruction caused by someone to whom the property had been entrusted by the landlord. Defendant also proffered plaintiff Edward Daire's deposition testimony, as well as the police report he filed, both of which revealed his belief that the property damage resulted from the tenant to whom the property had been entrusted. During his deposition, Daire testified that he leased the property to Sweet in 2015, that he was aware that Sweet's two children and two grandchildren began residing in the residence in 2017 and that he had not objected to their presence. Daire's testimony also established that one of Sweet's children had threatened to damage the property in 2017. Soon after Daire evicted Sweet in March 2019, he discovered the property damage. Daire opined that the property damage was committed by Sweet's daughter out of "spite" and "to hurt [him]"; he described the damage as the bathroom plumbing and kitchen appliances having been "ripped" from the walls.
Based on the foregoing, Supreme Court properly found that defendant met its initial burden by producing the insurance policy, which expressly excluded criminal and dishonest acts, such as property damage, done by individuals to whom the insureds entrusted the property. Daire's testimony established that the property damage was intentionally committed by either Sweet or her daughter, both "whose status [was] . . . accepted by the assured as the result of a consensual relationship between the parties," such that the entrustment exclusion applies to both individuals (United Specialty Ins. Co. v Barry Inn Realty Inc., 130 F Supp 3d 834, 839 [SD NY 2015] [internal quotation marks, brackets and citations omitted]). Accordingly, inasmuch as defendant established, prima facie, that the entrustment exclusion applied and defendant did not breach the contract, the burden shifted to plaintiffs to identify a remaining triable issue of fact (see GRJH, Inc. v 3680 Properties, Inc., 179 AD3d at 1179; Digesare Mech., Inc. v U.W. Marx, Inc., 176 AD3d 1449, 1453 [2019]).
Plaintiffs did not offer any additional proof, but, in their memorandum of law, they argued that the evidence proffered by defendant did not resolve the issue of whether vandalism constituted a "dishonest and criminal act" subject to the policy's exclusion. Plaintiffs also asserted that the exclusion language — "anyone to whom you entrust property for any purpose" — is ambiguous and there is a remaining dispute "as to whether the tenant to whom [the] plaintiff insureds actually 'entrusted' the property can be expanded to include . . . any and all 'occupants.'" These arguments must fail.
As relevant here, "[i]n common speech, . . . vandalism is malicious damage to property" and "[c]onduct is malicious for these purposes when it reflects such a conscious and deliberate disregard of the interests of others that it may be called wil[l]ful or wanton" (Georgitsi Realty, LLC v Penn-Star Ins. Co., 21 NY3d 606, 611 [2013][*3][internal quotation marks, brackets and citations omitted]). Moreover, "[t]he term 'entrust' must be given its ordinary meaning, such as the average policyholder of ordinary intelligence, as well as the insurer, would attach to it, and cannot be deemed to have been used as a word of art with legalistic implications" (United Specialty Ins. Co. v Barry Inn Realty Inc., 130 F Supp 3d at 839 [internal quotation marks, brackets and citation omitted]; see Abrams v Great Am. Ins. Co., 269 NY 90, 92 [1935]). Generally, exclusionary clauses in insurance contacts are given the interpretation most beneficial to the insured; "[i]n determining whether an insured has entrusted property to another, the controlling element is the design of the owner rather than the motive of the one who obtained possession" (United Specialty Ins. Co. v Barry Inn Realty Inc., 130 F Supp 3d at 839 [internal quotation marks, brackets and citation omitted]). "Construing the entrustment exclusion in [p]laintiff[s'] favor, but interpreting it in accordance with its plain meaning, it is sufficient that the vandalism was causally related to [p]laintiff[s'] initial entrustment of the [property]" (Winking Group, LLC v Aspen Am. Ins. Co., 2018 WL 485974, *3, 2018 US Dist LEXIS, *9 [Jan 18, 2018, No. 16 Civ. 7401 (LGS)]; see Lexington Park Realty LLC v National Union Fire Ins. Co. of Pittsburgh, PA, 120 AD3d 413, 414 [2014]). Thus, inasmuch as the law does not support plaintiffs' arguments, and they did not raise any issues of material fact, we find that Supreme Court properly granted defendant's motion for summary judgment dismissing the first cause of action for breach of contract.
We turn now to plaintiffs' contention that Supreme Court erred in dismissing the second cause of action for deceptive business practices under General Business Law § 349. Although Supreme Court did not explain its reason for dismissal of this cause of action, we find that it was properly dismissed for failure to state a cause of action. To that end, "[p]rivate contract disputes, unique to the parties[,] do not fall within the ambit of [this] statute" (Baskin v Mabco Transit, Inc., 176 AD3d 1539, 1544 [2019] [internal quotation marks and citations omitted], appeal dismissed 35 NY3d 977 [2020], lv denied 36 NY3d 903 [2020]; see Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank, N.A., 85 NY2d 20, 25 [1995]). Accordingly, we discern no error in Supreme Court dismissing the complaint in its entirety. In light of this determination, we need not reach plaintiffs' remaining contentions.
Egan Jr., J.P., Aarons, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the orders are affirmed, with costs.

Footnotes

Footnote 1: HBE Group, Inc. was also originally named as a defendant, but the parties stipulated to discontinuing the action against it.

Footnote 2: Supreme Court did not make a ruling on plaintiffs' cross motion.