AMPOWER-US, LLC v WEG Transformers USA, LLC (2023 NY Slip Op 01327)

AMPOWER-US, LLC v WEG Transformers USA, LLC

2023 NY Slip Op 01327

Decided on March 16, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 16, 2023

533817
[*1]AMPOWER-US, LLC, Appellant,
v
WEG Transformers USA, LLC, et al., Respondents.

Calendar Date:January 9, 2023

Before:Egan Jr., J.P., Clark, Pritzker, Ceresia and Fisher, JJ.

Bond, Schoeneck & King PLLC, Rochester (Jeremy M. Sher of counsel), for appellant.
The Wagoner Law Firm PLLC, Albany (Matthew D. Wagoner of counsel), for respondents.

Fisher, J.
Appeals (1) from an order of the Supreme Court (Christina L. Ryba, J.), entered June 26, 2020 in Albany County, which denied plaintiff's motion for partial summary judgment, and (2) from an order and judgment of said court (Roger D. McDonough, J.), entered July 13, 2021 in Albany County, upon a decision of the court in favor of defendants.
In 2016, plaintiff entered into an asset purchase agreement (hereinafter APA) with CG Power USA (hereinafter CG Power) and its parent company, defendant Crompton Greaves Limited (hereinafter Crompton Greaves), whereby plaintiff agreed to purchase certain assets from CG Power known as the PSOL Division. The APA established a closing date of no later than September 13, 2016 and contained certain conditions precedent to each party's obligation to close on that specified date. The APA also contained a provision whereby either party could terminate the agreement if the closing did not occur by the specified date. According to plaintiff, it was ready, willing and able to complete the sale on the specified closing date of September 13, but CG Power failed to satisfy its obligations under the APA and ultimately terminated the agreement on September 14.
Plaintiff commenced this action asserting causes of action for breach of contract and for indemnification under the APA. CG Power and Crompton Greaves joined issue and asserted a counterclaim for a declarative judgment declaring that the APA was terminated because the closing did not occur by the contractually-required date. Defendant WEG Transformers USA, LLC (hereinafter WEG) was substituted as successor in interest to CG Power. Following the denial of plaintiff's motion for partial summary judgment by Supreme Court (Ryba, J.),[FN1] the matter proceeded to a bifurcated nonjury trial on liability and damages. Supreme Court (McDonough, J.) ultimately found that plaintiff failed to demonstrate that it satisfied its conditions precedent and that is was otherwise ready, willing and able to close by the specified date in the APA. As a result, the court found in favor of defendants, awarded plaintiff no damages and issued a declaration that the language of the APA allowed CG Power to terminate the agreement on September 14, 2016. Plaintiff appeals.
We affirm. "When conducting a review of a nonjury trial verdict, this Court independently reviews the probative weight of the evidence, together with the reasonable inferences that may be drawn therefrom, and grants the judgment warranted by the record while according due deference to the trial court's factual findings and credibility determinations" (Grimaldi v Sangi, 177 AD3d 1208, 1209-1210 [3d Dept 2019] [internal quotation marks, brackets and citations omitted], lv denied 37 NY3d 907 [2021]). Initially, the parties concede that the APA is unambiguous, and, therefore, "[i]t is well settled that a contractual agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms[*2]" (McCarthy Concrete, Inc. v Banton Constr. Co., 203 AD3d 1496, 1499 [3d Dept 2022] [internal quotation marks and citations omitted], lv denied 38 NY3d 913 [2022]).
As such, "[a] cause of action for breach of contract requires that the plaintiff show the existence of a contract, the performance of its obligations under the contract, the failure of the defendant to perform its obligations and damages resulting from the defendant's breach" (Daire v Sterling Ins. Co., 204 AD3d 1189, 1190 [3d Dept 2022] [internal quotation marks, brackets and citation omitted]). However, "no action for breach of contract lies where the party seeking to enforce the contract has failed to perform a specified condition precedent" (Redwing Constr. Co., Inc. v Sexton, 181 AD3d 1027, 1028 [3d Dept 2020] [internal quotation marks, brackets and citations omitted]). To that end, "a contractual duty ordinarily will not be construed as a condition precedent absent clear language showing that the parties intended to make it a condition" (Granger Constr. Co., Inc. v TJ, LLC, 134 AD3d 1329, 1330 [3d Dept 2015] [internal quotation marks, brackets and citations omitted]; see Shmaltz Brewing Co., LLC v Dog Cart Mgt. LLC, 202 AD3d 1349, 1351 [3d Dept 2022]).
Here, sections 5 and 6 of the APA were labeled "[c]onditions precedent" for each respective party's obligation to close on the specified date. It is clear, based on the language of these sections and the contents therein, and further because both parties concede that the APA is unambiguous, that the parties intended for the enumerated obligations under sections 5 and 6 to function as conditions precedent to closing on September 13, 2016 (see Shmaltz Brewing Co., LLC v Dog Cart Mgt. LLC, 202 AD3d at 1351; Squire McBeasley, Inc. v 36th Str, LLC, 93 AD3d 1123, 1123-1124 [3d Dept 2012]).
Section 5 set forth certain obligations that plaintiff was required to satisfy before the specified closing date. As conceded during the testimony of plaintiff's president, and as our independent review of the record confirms, plaintiff failed to satisfy several conditions precedent before the specified closing date and cannot establish a breach of contract cause of action (see Redwing Constr. Co., Inc. v Sexton, 181 AD3d at 1028). Notably, plaintiff failed to obtain a financing commitment pursuant to section 5 (h) of the APA.[FN2] In its attempt to excuse its failure to provide certain closing deliverables, plaintiff argues that its conditions precedent could be waived in writing at its election. However, as further admitted by the president during his testimony, that simply did not occur. Plaintiff's alternate interpretation of the APA, specifically section 5 (h), is unpersuasive and against the plain meaning of its terms (see Ficel Transp., Inc. v State of New York, 209 AD3d 1153, 1155 [3d Dept 2022]; McCarthy Concrete, Inc. v Banton Constr. Co., 203 AD3d at 1499).
Plaintiff's remaining arguments do not warrant extended discussion. There is no evidence [*3]in the record that defendants repudiated the contract before the specified closing date and, even if plaintiff could demonstrate an anticipatory breach, plaintiff did not establish that it was ready, willing and able to perform by virtue of failing to satisfy its conditions precedent on or before the specified closing date (see Pesa v Yoma Dev. Group, Inc., 18 NY3d 527, 532 [2012]; Inter-Power of N.Y. v Niagara Mohawk Power Corp., 259 AD2d 932, 934 [3d Dept 1999], lv denied 93 NY2d 812 [1999]). Further, plaintiff's argument that defendants wrongfully terminated the APA and, therefore, breached their implied covenant of good faith and fair dealing is belied by the record, namely, the APA, which permitted either party to terminate the agreement if the closing did not occur on or before the specified date. The record is clear that both parties knew that closing on or before the specified date was essential for defendants to timely effectuate a separate transaction. As a result of these findings, Supreme Court did not err in issuing a declaration to that effect in favor of defendants.
Accordingly, upon our independent review, we find that the record supports the judgment and we perceive no reason to disturb it (see Daire v Sterling Ins. Co., 204 AD3d at 1192; Redwing Constr. Co., Inc. v Sexton, 181 AD3d at 1028; see also McCarthy Concrete, Inc. v Banton Constr. Co., 203 AD3d at 1498-1499; Grimaldi v Sangi, 177 AD3d at 1209-1210). We have examined the parties' remaining contentions and have found them to be equally without merit or rendered academic.
Egan Jr., J.P., Clark, Pritzker and Ceresia, JJ., concur.
ORDERED that the appeal from the order is dismissed, with costs.
ORDERED that the order and judgment is affirmed, with costs.

Footnotes

Footnote 1: Plaintiff's appeal from the June 2020 order must be dismissed as the right to appeal from this nonfinal order was extinguished upon entry of the July 2021 order and judgment (see Prendergast v Swiencicky, 183 AD3d 945, 946 n 1 [3d Dept 2020], lv denied 36 NY3d 944 [2020]). Although plaintiff's appeal from the final judgment brings up the prior order for review (see CPLR 5501 [a] [1]), the relevant motion papers were not made part of the record and plaintiff otherwise does not raise such arguments in its appellate brief (see Prendergast v Swiencicky, 183 AD3d at 946 n 1).

Footnote 2: Although plaintiff claims, particularly during oral argument, that the transaction was merely for one dollar, therefore implying it had the financial commitment that it needed, this does not negate the unambiguous requirements imposed under section 5 (h).